# THE STATE OF OREGON, Respondent, *v.* AZELL ODELL, Appellant.

Crime—Accomplice, Testimony of.—In a criminal case the testimony of an accomplice is not alone sufficient to warrant a conviction.

Idem—Corroborating Testimony.—Proof that the prisoner was in the same town about the time of the alleged commission of the crime is

not alone sufficient to corroborate the testimony of an accomplice and warrant a conviction, and it is the duty of the court to so instruct the jury when asked to do so by the defendant.

APPEAL from Yamhill county.

The appellant was jointly indicted with one Moran for the crime of larceny in a store. Moran not being in custody, the appellant was tried separately. Upon the trial the district attorney called only three witnesses on behalf of the state: William George, L. C. Forest, and James Fowler, and no testimony was introduced on the part of the defendant except as to the general reputation of the witness, George, for the purposes of impeachment.

William George testified, in substance, that about the time charged in the indictment, he (witness) and defendants Odell and Moran, were together in Fowler's saloon; and that the defendant Odell went out and directly returned and informed witness and Moran that he (Odell) had unlocked the store-room named in the indictment, and wanted them to go with him; that they went with him and found the store-room unlocked, and that Moran went in and carried out the property named in the indictment, while defendant Odell and witness watched on the outside to see if any one was watching them: in other words, witness and defendant Odell " stood guard," one on either side of the house, while Moran carried out the property: that he (witness) furnished Moran matches to light the store-room, and when the property was brought out they all put it in the wagon and carried it away, all going away together. The witness, George, swore to every material fact charged in the indictment, and that he was present aiding and abetting in the commission of the offense. L. C. Forest testified that he was a member of the firm of Hendrix and Forest, mentioned in the indictment; that said Hendrix and Forest were the owners of the property charged to have been stolen, and that near the time named in the indictment he had missed from their store-room a sack of flour, but nothing else. James Fowler testified that about the night named by witness, George, the defendants, Odell and Moran, and the witness, George, were

together in his saloon and were drinking freely; that they went away about ten o'clock, when he closed his saloon.

After the testimony was closed, the defendant's counsel submitted and asked the court to give the jury the following instructions, which were refused:

1. That a conviction of the defendant, Odell, can not be had upon the evidence of the accomplice, George, unless he be corroborated by other evidence tending to show the connection of defendant, Odell, with the commission of the crime charged in the indictment, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances of the commission.

2. The fact of the presence of the defendant, Odell, in the same town at the time of the commission of the offense, or immediately before or afterward, is not sufficient evidence to connect the defendant, Odell, with the commission of the crime charged in the indictment.

3. The fact that the injured persons (Forest and Hendrix) missed from their store-room about the time charged in the indictment, a part of the property charged in the indictment to have been stolen, is not alone sufficient evidence of the commission of the crime of larceny, or any crime, and is not any evidence to connect the defendant with the commission of the crime charged in this indictment.

The defendant was found guilty as charged, and from the judgment of conviction this appeal is taken.

*McCain & Fenton,* for appellant.

*J. J. Whitney, District Attorney, and E. C. Bradshaw,* for the state.

By the Court, BOISE, J.:

All the evidence in this case is set out in the bill of exceptions, and we think it appears from the testimony of the witness, William George, that he was an accomplice with Moran and Odell in the commission of the alleged crime. He says: "Moran went in and carried out the property named in the indictment, while he (the witness) and defend-

ant Odell watched on the outside to see if any one was watching them." Such a participation in the commission of the crime would make him an accomplice. (1 Bouvier Law Dictionary, 52.) The term in its fullness includes in its meaning all persons who have been concerned in the commission of a crime, all *particeps criminis*, whether they are considered in strict legal propriety as principals in the first or second degree, or merely as accessories before or after the fact. (1 Russell on Crimes; 4 Blackstone's Commentaries, 331; 1 Phillips' Ev. 28.) It is sufficient that this should appear from the testimony of the accomplice himself, in order to enable the prisoner on trial to make the application of the rule that no conviction can be had on the evidence of an accomplice without corroborating testimony. The testimony of the other witnesses only tended to show that Odell was in the town about the time of the commission of the alleged crime, and that a sack of flour was missed from the place where the larceny was alleged to have been committed. Such evidence did not tend to connect the appellant with the commission of the crime. Such corroboration as tends to connect the accused with the commission of the crime is required by the statute (page 362, sec. 172) to render the testimony of an accomplice sufficient to warrant a conviction.

The circuit court should have given the instruction asked by the defendant's counsel, as follows: "A conviction of the defendant, Odell, can not be had upon the evidence of the accomplice, George, unless he be corroborated by other evidence tending to show the connection of defendant, Odell, with the commission of the crime alleged in the indictment, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances of the commission." The refusal of the circuit court to give this instruction as asked would have been error had not the court given the same in substance by reading the statute, which is of the same import, and we therefore think that the instruction was substantially given, and the refusal to give the instruction as asked did not injure the defendant.

Counsel for the prisoner also asked the court to give the

following instruction: " The fact of the presence of the defendant Odell in the same town at the time of the commission of the offense, or immediately before or afterwards, is not sufficient evidence to connect the defendant Odell with the commission of the crime charged in the indictment." This instruction the court refused to give, and stated to the jury that it would be error for the court to give it, and said: "I am not permitted to state the evidence. You have heard it all, and of its effect and the credibility of witnesses you are the exclusive judges." The remark made to the jury by the learned judge announces a sound rule of the law. But does this instruction ask the court to state the evidence to the jury, the evidence adduced, or its effect? To illustrate: Had the counsel asked the court to instruct the jury that if they believed from the evidence that the prisoner was in the same town at the time of the commission of the crime, or immediately before or after, that fact alone would not be a sufficient corroboration of the evidence of the accomplice, George, to warrant a conviction. We think such an instruction was pertinent, and should have been given.

The instruction asked, taken in connection with the first instruction (which was given in substance), and the evidence reported in the bill of exceptions, which shows that the witness, James Fowler, testified that the prisoner was in the town about the time of the commission of the alleged crime, simply asked the court to declare that if such a fact was established, it alone would not be sufficient to connect the prisoner with the commission of the crime. We think the instruction should have been given, for it simply asked the court to say to the jury that as a matter of law, if there was no other evidence before the jury than the fact that Odell was in the vicinity, such evidence would not be sufficient to convict. While the court has not the right to tell the jury what facts have been proven, or declare to them the weight of the evidence adduced, so far as the credibility of the witnesses is concerned, still, when the statute has declared, as in section 172, that there shall be some other evidence of the commission of the crime and of the connection of the prisoner with it than the testimony of an accom-

plice, it was the duty of the court to say to the jury that the proof of the fact alone that the accused was in the town was not sufficient. The refusal of the court to give this instruction was error which must have injured the prisoner, for there was no other evidence to corroborate the testimony of George.

The judgment will be reversed, and the case remanded to the circuit court for a new trial.