Argued May 6, affirmed June 10, 1964

## STATE OF OREGON *v.* CLIPSTON

392 P. 2d 772

*Harold M. Daron,* Baker, argued the cause and filed briefs for appellant.

*Jesse R. Himmelsbach, Jr.,* District Attorney, Baker, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell and Denecke, Justices.

DENECKE, J.

The defendant was convicted of burglary.

■ Defendant contends that the trial court erred in admitting the testimony of accomplices before there was any evidence, independent of the accomplices' testimony, connecting the defendant with the crime. ORS 17.215 provides: "The order of proof shall be regulated by the sound discretion of the court." The trial court did not abuse its discretion. See *State v. Weston,* 102 Or 102, 115, 201 P 1083 (1921).

■ The defendant requested the court to instruct the jury that in determining the credibility of the accomplices the jury should consider their status as accomplices, their possible interest and their demeanor on the witness stand. The court's failure to give this instruction was not error, as the court covered the same ground by giving the statutory instruction on this general subject. ORS 44.370. See Oregon State Bar, Uniform Jury Instructions, No. 2.03.

■ The principal ground for appeal is the contention that there was no evidence corroborating the testimony of the accomplices and thus insufficient evidence to convict the defendant. ORS 136.550 provides:

"A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the crime. The corroboration is not sufficient if it merely shows the commission of the crime or the circumstances of the commission."

Mr. Justice HARRIS's opinion in *State v. Brake*, 99 Or 310, 195 P 583 (1921), is the most comprehensive treatment of this statute. The portion of that opinion most pertinent to this case is as follows: "The corroboration need not be of itself adequate to support a conviction; but it is sufficient to meet the requirements of the statute if it fairly and legitimately tends to connect the defendant with the commission of the crime: * * *." (99 Or at 315) The case also held that the corroborative testimony may be sufficient even though it is entirely circumstantial. However, the corroborating testimony must connect the defendant with the crime independently of the accomplices' testimony.

The accomplices testified that about 1:30 or 2:00, a.m., they left Baker, Oregon, with the defendant, in defendant's car. They stole some fuel and put it in defendant's car. The fuel later was discovered to be diesel fuel, rather than gasoline, as they believed it was when they took it. They went on to the town of Halfway, which is approximately 60 miles from Baker. There they burglarized a store. They stated that the defendant took part in this burglary, and it is for this crime that the defendant was convicted.

They then started back for Baker with the stolen goods in the car. On the way the car stalled, supposedly because the fuel system had diesel fuel in it, and they could not restart it. This was about 4:00 or 5:00, a.m. They put the stolen goods in a ditch and started walking back to Baker. A stranger gave them a ride to Baker and they went to Lance Whitmore's house in Baker about 7:00, a.m., and asked him to tow the car back to Baker. Whitmore complied.

The defendant did not testify.

There is ample independent evidence that the accomplices committed the crime. The question is: is there sufficient independent corroborating evidence from which a jury could find that the defendant was connected with the crime?

The corroborating evidence asserted to be insufficient is as follows: The defendant and the accomplices were together in defendant's car in Baker between 1:30 and 2:00, a.m. The car stalled on the highway between Baker and Halfway was the defendant's car. Most important, the defendant and the accomplices were seen at approximately 4:00, a.m., about 18 miles from Baker, on the road from Halfway, attempting to push defendant's car in the direction of Baker. At 7:00, a.m., the defendant, in the company of the accomplices, was at Whitmore's house and went with Whitmore and the accomplices out to the stalled car.

Defendant states that evidence which merely shows that the defendant was associated with the accomplices before and after the crime and that the defendant might have had some opportunity to have taken part in the crime is insufficient.

More than mere association and some opportunity to commit the crime is shown here by the testimony relied upon to corroborate the accomplices. The place where the defendant was observed pushing his car at 4:00, a.m., was probably approximately 40 to 50 miles from the scene of the crime. If this were in a populated area during the hours in which many people are active, defendant's being in the company of the accomplices 40 miles from the scene of the crime might have little relevancy to connect him with the commission of the crime. However, between Baker and Halfway there are only ranches and a small town of about 200.

There was no apparent or known activity, other than the burglary at Halfway which might have accounted for defendant's presence on the road at 4:00, a.m. Defendant was observed on the road from Halfway to Baker at a point where he would have been if the accomplices' testimony had been true.

It is possible that the defendant did not go to Halfway with his associates, but under the circumstances that is so unlikely that the inference created by the circumstantial evidence that he did go is strong enough to furnish the necessary corrobation. It is also possible that, if he did go to Halfway with his companions, he did not take part in the burglary. Again, the circumstances create an inference to the contrary,—that he either directly committed the crime or aided or abetted in its commission.

*State v. Townsend*, 19 Or 213, 23 P 968 (1890), is in point. Defendant was convicted of stealing a cow. The defendant and the accomplice were seen together at the accomplice's brother's house which was near the pasture from which the cow was stolen. This was considerably closer to the scene of the crime than in this case. However, Mr. Justice LORD's reasoning in the opinion is pertinent. The decision distinguished *State v. Odell*, 8 Or 30 (1879), in which the only corroborating evidence was that the defendant had been drinking with the accomplice in town the night of a larceny committed in the town. Mr. Justice LORD stated:

"* * * This ruling [the ruling in *Odell* that the corroboration was insufficient] was undoubtedly correct, as there was nothing in the mere fact of the presence of the defendant Odell in the same town that was unusual, or which was not likely to occur without any previous arrangement between him and his co-defendant to commit the offense.

But where the facts show that the defendant and his accomplice were together at a place under circumstances not likely to have occurred unless there had been concert between them, the case presents a different aspect. * * *" (19 Or at 215)

The time and place of this defendant's association with the accomplices are also "circumstances not likely to have occurred unless there had been concert between them."

Judgment affirmed.