Argued July 12, affirmed September 22, 1965

# STATE OF OREGON *v.* CALDWELL

405 P. 2d 847

*Irvin D. Smith*, Portland, argued the cause and filed a brief for appellant.

*George M. Joseph*, Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief were George Van Hoomissen, District Attorney, Portland, and Lewis B. Hampton, Deputy District Attorney, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, *O'Connell and Lusk, Justices.

## SLOAN, J.

A jury found defendants Eric and Cindy Caldwell guilty of unarmed robbery. Defendant Ernest Sardella was the admitted robber; Caldwells were convicted as participants who helped plan the robbery. Only Eric Caldwell appeals. He claims there was insufficient corroboration of the testimony of the accomplices, Sar-

---

* O'Connell, J., did not participate in this decision.

della and his wife, to sustain a conviction as required by ORS 136.550. The trial court refused to direct an acquittal on this ground. The court's refusal is the basis of this appeal. The question is a close one and requires a review of the evidence. It will be helpful to first relate the evidence as given by the accomplices and then to mention the independent evidence that must be relied on to provide corroboration.

The victim of the robbery, a man named Hobbs, was the owner of a motel in Portland. Cindy Caldwell had visited Hobbs' apartment at the motel on previous occasions as a prostitute. On the night of the robbery, Cindy Caldwell, by telephone, arranged for defendant Sardella's wife, Linda, to visit Hobbs for the same purpose. Shortly after she arrived at Hobbs' apartment, Sardella entered and by threat of violence compelled Hobbs to disgorge money. Sardella also took from Hobbs' finger a diamond ring. Both Sardella and his wife fled the scene. Sardella was arrested the next evening by an arrangement we will describe later. He, along with the appealing defendant Eric Caldwell and Cindy Caldwell, was indicted. Linda Sardella was not, although it is conceded that she was, of course, a participant in the crime.

The testimony of the two Sardellas reveals that Linda Sardella and Cindy Caldwell had met in Great Falls, Montana. Sometime after the meeting Mrs. Caldwell returned to Portland. It was claimed that she had promised that if the Sardellas would come to Portland she and Caldwell would be able to get Sardella a job. In the latter part of December, 1963, Linda Sardella called Cindy Caldwell in Portland and asked her to send money to enable the Sardellas to come to Portland. Mrs. Caldwell did. Sardellas arrived at the Cald-

wells' apartment in Portland on the evening of December 30, 1963. They were broke.

Both Sardellas testified that the two Caldwells suggested to them the possibility of robbing Hobbs and helped plan the robbery. They stated that the planning took place while the four had dinner at the Caldwells' apartment and that later in the evening the two women left to go elsewhere. It was agreed that the two women would meet the two men later in the evening at a restaurant called "Tiny's" located near the motel owned by Hobbs.

Defendant Sardella testified that he and Caldwell soon left the apartment, stopped at various bars and eventually went to the bar at Tiny's Restaurant and waited for the women. After the women arrived, it is claimed, that the four went to a booth where the final plans were completed. Linda Sardella left the restaurant in a taxi at about 1 a.m. on December 31. Sardella followed in his car. He claimed that he parked his car in a parking lot near the motel and that Caldwells were in their car at the same parking lot. After the robbery both Sardellas fled to their car. They swore that they then followed the Caldwells to the latters' apartment, where the money loot was divided and that Caldwell promised to sell the diamond ring the next day. Sardellas testified that they stayed all night with Caldwells. The next evening Sardella accompanied Eric Caldwell to a restaurant where police officers arrested Sardella and found about $60 and the diamond ring on his person.

The testimony of other independent witnesses to which we must look to find corroboration is as follows:

The victim Hobbs testified that his tryst with Linda Sardella was arranged by telephone calls he received

from Mrs. Caldwell. He also testified that after the robbery he received a call from Mrs. Caldwell expressing concern as to what had happened. Although the Sardellas testified that Caldwell was present when these calls were made, there is no independent evidence to verify their claims that Eric Caldwell had any connection with the calls.

The evidence which makes this case unusual was related by police detectives. One detective stated that at about 12:30 a.m. on December 31, he received a call from a man who identified himself as Eric Caldwell. According to the detective, Caldwell told him that he, Caldwell, was at Tiny's Restaurant; that Caldwell knew a robbery was being planned but he did not know who was to be robbed nor where it was to take place; that Caldwell was supposed to accompany the robber but did not want to become involved. The detectives said that Caldwell asked them to come to the restaurant and arrest the proposed robber before the event could occur. The detective testified that he and another detective started to Tiny's Restaurant but were delayed in their arrival by about one-half hour and that when they arrived Caldwell was gone.

Another detective testified that at about 5:30 p.m. on the evening of December 31, he received a call from Caldwell in which Caldwell told him he would have the robber, with the loot on his person, in Caldwell's company at a restaurant located on East Broadway in Portland at about 6:30 p.m. of the same evening. The detectives proceeded to the restaurant where they found Caldwell and Sardella. The latter was arrested with the result before mentioned. Caldwell was not arrested until about two weeks later.

A waitress at Tiny's Restaurant testified that she

remembered that Caldwell and Sardella (she later iden-
tified them as the two men she had remembered as serv-
ing) came to the restaurant on the night in question
and sat at the bar. She served them. Later she ob-
served the two women join the two men and that the
four of them then occupied a booth. She did not recall
having seen Caldwell at the restaurant before. The
waitress also testified that Caldwell requested that she
call a taxi, which she did. She later observed Mrs. Sar-
della leave. She saw Sardella and the two Caldwells
leave after Mrs. Sardella had gone.

A taxi driver testified that pursuant to a call, he
took a woman, identified as Mrs. Sardella, from Tiny's
Restaurant to Hobbs' motel at about 1 a.m. on De-
cember 31.

This is the substance of all of the relevant inde-
pendent testimony.

ORS 136.550 requires that the corroboration
must be "*   *   *   other evidence that tends to connect
the defendant with the commission of the crime." The
corroborative evidence must be independent of any of
the testimony of the accomplices. If the corroboration
must be supplemented by testimony by the accomplices
in order to connect the defendant with the crime it is
insufficient. *State v. Brake,* 1921, 99 Or 310, 195 P
583; *State v. Reynolds,* 1939, 160 Or 445, 86 P2d 413.
Intimate association before or after the crime may be
sufficient. *State v. Clipston,* 1964, 237 Or 634, 392 P2d
772. However, as pointed out in both *Brake* and *Clips-
ton* the association must place defendant and the ac-
complices "*  *  *  together at a place under circum-
stances not likely to have occurred unless there had
been concert between them *  *  *." *State v. Townsend,*
1890, 19 Or 213, 215, 23 P 968. The corroborating evi-

dence may be circumstantial. It is sufficient for jury consideration if there is some evidence, however slight, tending to connect the defendant with the crime. *State v. Rosser*, 1939, 162 Or 293, 342, 86 P2d 441, 87 P2d 783, 91 P2d 295.

■ The only corroborative evidence here other than Hobbs' testimony about the execution of the robbery, is that which discloses the association of the four people at Tiny's Restaurant immediately before the robbery. The evidence that the people met there; that the restaurant was near the motel; that Caldwell had not been seen there before; that he asked the waitress to call a taxi; that a taxi did arrive and take Mrs. Sardella to the motel; that Caldwell called the police and acknowledged that a robbery was being planned; that the four people left at approximately the same time and that Caldwell did not wait for the police could have permitted the jury to infer that the four people met there by a prearranged plan and that the association was in furtherance of a plan to rob.

■ Upon a motion for an order of acquittal we must consider the evidence and the inferences to be drawn therefrom that would be most favorable to the state. *State v. Duggan*, 1955, 215 Or 151, 333 P2d 907. Having done so, we think the evidence was sufficient for the jury to weigh. The judgment must be affirmed.