Argued January 21, reversed with instructions
March 5, 1970

# STATE OF OREGON, *Respondent, v.*
## SAMMY HAROLD JONES,
### *Appellant.*

465 P2d 719

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*G. Dwyer Wilson,* Deputy District Attorney, Hillsboro, argued the cause for respondent. With him on the brief was Ray D. Robinett, District Attorney, Hillsboro.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

Defendant was convicted by the court of burglary not in a dwelling and sentenced to three years' imprisonment. On appeal he contends that there was not sufficient corroborative evidence independent of the accomplices' testimony that tended to connect him with the commission of the crime. Two of the accomplices testified that between 11 p.m. on December 27, 1967, and 1 a.m. on December 28, 1967, four men, including defendant, had burglarized Mays Brothers Mercantile, a general retail store in North Plains.

The corroboration of this testimony was as follows:

(1) The store owner, an employe, and a police officer testified that the store had been burglarized sometime during that night;

(2) The store employe who was on duty during the evening of December 27 testified that defendant came into the store that evening about one and one-half hours before closing time. However, he also testified that defendant had been coming into the store on a regular basis for at least the past six and one-half years;

(3) Two witnesses testified that during the evening of December 27 they had been with defendant and the accomplices near the fire station, in the general vicinity of the burglarized store. The witnesses left them at 9 p.m. and 10 p.m., respectively.

ORS 136.550 reads as follows:

"A conviction cannot be had upon the testimony

of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the crime. The corroboration is not sufficient if it merely shows the commission of the crime or the circumstances of the commission."

In *State v. Reynolds,* 160 Or 445, 86 P2d 413 (1939), the court said, at p. 457:

"The statute was construed in *State v. Brake,* 99 Or. 310, 313, 195 P. 583, from which we quote: " '* * * The language of the statute is "other evidence"; and, hence, the corroborative evidence must be independent of the testimony of the accomplice. The corroborating evidence must connect, or tend to connect, the defendant with the commission of the crime charged; and, furthermore, the tendency of the corroborative evidence to connect the defendant *must be independent of any testimony of the accomplice.* The corroborative evidence must *of its own force, independently of the accomplice testimony,* tend to connect the defendant with the commission of the crime.' (Italics supplied.)"

The *Reynolds* case then discussed many Oregon cases in which the corroboration had been found to be sufficient, and concluded on p. 462:

"* * * In none of them was it necessary to piece out the testimony of the corroborating witness with that of the accomplice to give point to the independent evidence. In none of them was the connection of the defendant with the crime made to appear 'only when supplemented by certain testimony of the accomplice.' In all of them there was evidence other than that of the accomplice which of its own force tended to incriminate the defendant."

In our case there is no corroborative evidence showing that defendant was in possession of the fruits

of the crime, or that the accomplices were at the scene of the crime. The corroboration shows only that a burglary was committed, that defendant had been in the store earlier in the same evening, and that later that evening defendant was still in town and with the accomplices and others. See *State v. Odell,* 8 Or 30 (1879).

In *State v. Carroll,* 251 Or 197, 444 P2d 1006 (1968), the court said:

> "* * * Before independent evidence of defendant's association with an admitted accomplice will furnish the corroboration necessary, it must appear that the defendant and the accomplice were together at a place and under circumstances not likely to have occurred unless there was criminal concert between them. *State v. Caldwell,* 241 Or 355, 360, 405 P2d 847 (1965); *State v. Clipston,* 237 Or 634, 638-639, 392 P2d 772 (1964); *State v. Townsend,* 19 Or 213, 215, 23 P 968 (1890) * * *."

There was nothing suspicious or unusual about the place or circumstances of this association. The individuals were all friends and the place involved was in town—near one individual's home, one block from another's, and across the street from that of a third. Thus the defendant and the accomplices were not together "under circumstances not likely to have occurred unless there was criminal concert between them," *State v. Carroll,* supra.

There being insufficient corroboration of the accomplices' testimony, defendant's conviction is reversed and it is ordered that he be discharged from custody.

Reversed with instructions.