Argued April 3, affirmed June 14, 1973

CROUTER, *Respondent, v.* UNITED ADJUSTERS, INC., *Appellant.*

510 P2d 1328

*Michael J. Esler,* Portland, argued the cause for appellant. On the brief were Keane, Haessler, Harper, Pearlman and Copeland; David W. Harper and Alan L. Schneider; and Gary L. Wolfstone, Portland.

*Howard R. Hedrick,* Portland, argued the cause for respondent. With him on the brief was Gerald R. Pullen, Portland.

Before O'CONNELL, Chief Justice, and MCALLISTER, DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

TONGUE, J.

This is an action for damages for wrongful attachment of plaintiff's wages. Defendant appeals from a judgment on a verdict for plaintiff for $352.40 in special damages, $10,000 in general damages and $7,500 in punitive damages.

This is the second trial and appeal in this case, following a previous decision by this court reversing

the granting of a judgment for defendant notwithstanding a previous verdict for plaintiff and remanding the case for a new trial. 259 Or 348, 485 P2d 1208 (1971). Although in some respects the evidence offered on the second trial was not the same as that offered on the first trial, it would serve no useful purpose to again summarize the evidence, as was done in our previous opinion, except as necessary in discussing defendant's various assignments of error.

Defendant first assigns as error an instruction to the jury that:

"* * * [y]ou may, but you are not required to, infer malice from the fact if you find it to be a fact, that the defendant did not have probable cause to have the Writ of Attachment issued. * * *"

Defendant's exception to this instruction was that "* * * inferring malice from want of probable cause in this case is not proper, true in a criminal case, but not in a civil case."

In our original opinion, after discussing our previous decisions on this point, we said (at 362):

"It does not follow, however, that the lack of probable cause was *of itself* sufficient evidence from which the jury could properly infer that defendant acted with malice in the attachment of plaintiff's wages. *Alvarez v. Retail Credit Association, supra,* (at 264). Nevertheless, as stated in *Alvarez* (at p 264):

'* * * What the courts have said, however, is that the law will *permit* the jury to draw an inference of malice in most cases where a want of probable cause is found.' (Emphasis added)

"See also Prosser, Torts (3d ed) 868, § 113, and 1 Harper and James, The Law of Torts 321-322, § 4.6, and cases cited therein."

More specifically, as stated in Prosser, Torts (3d ed 1964) 868, § 113:

"\* \* \* [t]he plaintiff must establish malice in addition to the absence of probable cause; but, since there can be no legitimate purpose in a prosecution unless there is an honest belief in the guilt of the accused, it is generally agreed that the lack of probable cause may give rise to an inference of malice, sufficient to carry the question to the jury. Although it has been doubted that good motives may ever coincide with absence of reasonable grounds for suspicion, most courts have recognized that the two are not necessarily inconsistent, and have held that the jury may reject the inference if it sees fit. \* \* \*"[1]

To the same effect, as stated in 1 Harper and James, The Law of Torts 321-322, § 4.6 (1956):

"Want of probable cause to believe in the plaintiff's guilt of the crime charged or in his liability on the obligation sued on will furnish prima facie, though not conclusive, evidence of malice. 'How a criminal prosecution can be without malice, when it is instituted without probable cause; how it can have originated from any other than bad motives, which the law denominates malice, is not very apparent in most cases, yet the authorities uniformly hold that absence of probable cause is only evidence of malice. It has not the force of a legal conclusion, and therefore the existence of malice is a fact to be found by a jury.' This is the overwhelming weight of authority, although there are cases at variance therewith holding that such an inference cannot be made by the jury in the absence of corroborating evidence."

██ We have recognized, as have the text writers, that in most cases in which the evidence shows a lack

[1] For identical statement, see Prosser, Torts (4th ed 1971) 848-49, § 119.

of probable cause, there will also be sufficient evidence to support a finding of malice, but that malice is an independent element which must be proved to the jury by a preponderance of the evidence. In order to clarify any previous misunderstanding, we adopt the following as a correct statement of the law on this subject: In an action for damages for wrongful attachment the plaintiff, in addition to showing that the defendant did not have probable cause for the attachment, must also prove that the defendant acted with malice. Although the fact that a defendant did not have probable cause for an attachment does not necessarily mean that he acted with malice, the evidence which shows a lack of probable cause may also be considered on the issue of malice. If that evidence alone convinces the jury that the defendant acted with malice, it may so find. But the jury must find, from either that evidence or from other evidence, that in causing the attachment to be made the defendant acted with bad motives or ill will so as to constitute malice.

After examining the record in this case, we hold that there was sufficient evidence to support findings by the jury of both lack of probable cause and malice (see also 259 Or 363-64). The particular instruction on this subject which is the basis for this assignment of error, and which was based upon our previous opinion, may not have been as clear as the suggested instruction as set forth above. We hold, however, that the instruction was not erroneous when considered together with the other instructions given by the court.

For the same reasons we reject defendant's separate assignment that the trial court erred in denying its motion to strike plaintiff's allegation of malice and its motion for a directed verdict for lack of evidence of malice.

■ Defendant also assigns as error the giving of the following instruction:

"* * * Proof of malice upon the part of the defendant towards plaintiff requires that the defendant who attached the wages either had notice of ill will toward the plaintiff or some purpose other than to receive a judicial determination of its claim against the defendant, or that attachment was made with a wanton or reckless disregard of care in learning the true facts. * * *"

Defendant contends that:

"This instruction was erroneous because it failed to distinguish between the degree of care exercised by defendant in ascertaining the factual basis for its claim, which was not a proper issue here, and the degree of care exercised by defendant in ascertaining whether an attachment was legally permissible. Only the latter was relevant to this case."

After examining this instruction in the light of other instructions given by the court on the subject of probable cause and malice we believe that this instruction was not confusing or otherwise erroneous and that the jury understood that the "true facts" referred to in this instruction were those relating to the care, or lack of care, exercised by defendant in ascertaining whether an attachment was "legally permissible."

In addition, defendant assigns as error the admission of an exhibit and testimony concerning a telephone call by defendant to a loan company over objection that such evidence was not relevant.

This evidence was, in substance, that on September 28, 1966, defendant made a telephone call to a loan company which then had an outstanding loan to

plaintiff and informed it that plaintiff owed $508 for "rent & damage & phone bill." It appeared by other evidence that one week after making this telephone call defendant filed its complaint against plaintiff and its affidavit and undertaking for attachment of his wages; that plaintiff was then in a difficult financial condition, "struggling to get by," and that two weeks after that telephone call plaintiff's wife applied to the loan company for an additional loan, which was then turned down.

Plaintiff contends that under these circumstances the evidence of this telephone call was relevant for two purposes: (1) plaintiff contends that this was proper evidence for consideration by the jury, together with other evidence, on the issue of malice, in that the jury could infer from the making of that call that defendant knew that the loan company, upon being informed that plaintiff owed money which defendant was seeking to collect, would probably refuse to loan additional funds needed by plaintiff when his wages were garnished, thus bringing additional pressure upon him to pay the entire claim, whether valid or not, upon attachment of his wages; (2) plaintiff also contends that this was proper evidence for consideration by the jury on the issue that plaintiff "experienced difficulty in obtaining credit," as alleged in his complaint, as a result of the wrongful attachment of his wages in that the jury could properly find that this telephone call was one reason why, after the attachment of his wages, plaintiff was unable to secure financial assistance then needed by him.

Defendant contends, on the contrary, that the test of relevancy is whether the offered evidence would "render the desired inference more probable than it

would be without the evidence" (citing McCormick on Evidence (2d ed 1972) 437, § 185) and that this was not evidence of malice on the ground that the telephone call would discourage additional credit to plaintiff because "to presume such an intent on the part of defendant is to assume that defendant was completely irrational since discouraging additional credit sources for plaintiff would reduce the likelihood that plaintiff could obtain sufficient funds to pay defendant's claim" and because defendant offered testimony that it was normal practice to exchange credit information. Defendant has not, however, directly responded to plaintiff's contention that this evidence was also relevant on the issue whether, aside from defendant's intent, plaintiff "experienced difficulty in obtaining credit" as a result of the attachment of his wages by defendant.

■ As held by this court in *Byrd v. Lord Brothers,* 256 Or 421, 425, 473 P2d 1018 (1970), quoting with approval from 1 Wigmore on Evidence (3d ed 1940) 411, § 29, in order for evidence to be admissible over objection that it is irrelevant the offered evidence "does not need to involve demonstration or to produce persuasion by its sole and intrinsic force" and "a mere capacity to help in demonstration is enough for its admission." To the same effect, as stated by Justice Rossman in *Trook v. Sagert,* 171 Or 680, 690, 138 P2d 900 (1943):

> "* * * [a]ny fact which has a rational probative value is commonly deemed relevant, and therefore admissible. If it throws some light upon the issue, the logical connection is universally conceded. If a rational relationship does not exist between the item of evidence offered and the fact which a party must prove, it would be a waste of time to let the witness testify. * * *"

■ After examining the entire record we hold that the trial court did not err in ruling, in effect, that there was a "rational relationship" between this offered evidence and at least some of the facts which plaintiff had alleged and had the burden to prove, either on the issue of malice or on the issue of the damage alleged to have been suffered by plaintiff as the result of defendant's conduct.

■ Defendant also contends that even if this evidence was relevant, its probative value must be weighed against the danger that it might unduly prejudice the jury, citing McCormick, *supra,* 438-439, § 185. However, as also stated by McCormick, *supra* at 440, § 185, the balancing of these considerations is a matter which is ordinarily left to the discretion of the trial judge. There was no abuse of that discretion in this case.

Finding, as we do, that none of defendant's assignments of error is well taken, we affirm the judgment of the trial court.