Argued November 22, affirmed December 16, 1974, reconsideration denied January 22, petition for review denied February 11, 1975

STATE OF OREGON, *Respondent, v.* GEORGE DENNIS MARLING (No. 18341), *Appellant.*

529 P2d 957

*Gerald A. Martin,* Bend, argued the cause for appellant. With him on the brief were Gray, Fancher, Holmes & Hurley, Bend.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Tried before a jury, defendant was found guilty of the crime of robbery in the first degree. ORS 164.415. Four assignments of error are included

in this appeal from the judgment based upon that verdict. Two challenge the testimony of witnesses produced by the state, which was admitted over objection; one challenges an instruction based upon ORS 17.250 (6) and (7);[①] and the last asserts it was error to deny a motion seeking a new trial, based upon newly discovered evidence.

Defendant first challenges as improper the admission of allegedly "irrelevant" testimony offered by the state.

Appearing at defendant's trial as a witness for the state, an admitted participant in the robbery—Gregory Banks—implicated this defendant as well as two others—Rick Watson and James Manning—as accomplices to the crime. Banks testified that the defendant planned the robbery and used his car—a yellow Z28 Camaro with black stripes on the hood and trunk—to transport the confederates to and from the scene of the robbery, and that defendant remained outside while the robbery occurred and afterward accompanied the participants to his home, where the proceeds were divided evenly between the four.

---

[①] ORS 17.250 (6) and (7) provide:

"The jury, subject to the control of the court, in the cases specified by statute, are the judges of the effect or value of evidence addressed to them, except when it is thereby declared to be conclusive. They are, however, to be instructed by the court on all proper occasions:

"* * * * *

"(6) That evidence is to be estimated, not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict; and, therefore,

"(7) That if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be viewed with distrust."

ORS 136.440 provides in relevant part:

"(1) A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances of the commission.

"* * * * *."

As part of its required corroboration, the state offered testimony by Officers Grant, Parr, Stenkamp and Arney. Grant and Parr testified that about 2:30 p.m. on the day following the robbery they observed James Manning place some groceries in the defendant's automobile, and that he fled as they approached him for the purpose of making a stop and identification. Officer Stenkamp indicated that in the course of responding to a call for assistance broadcast by Grant and Parr—having been provided with a description and license number of the vehicle into which Manning had placed the groceries—he located defendant in the locked restroom of a nearby gasoline station at which his car was parked. Defendant then admitted to being together with Rick Watson and "another fellow" in the vehicle earlier in the day. Officer Arney testified that the defendant shortly thereafter, at the police station, repeated what he had said to Stenkamp. This evidence was admitted over relevancy objections.

Defendant asserts that this testimony was erroneously admitted because (1) it was not proper corroboration, and (2) it allowed the state to get into evidence the incriminating act of a conspirator after any possible conspiracy had ended.

With regard to the testimony as corroboration, defendant cites *State v. Caldwell,* 241 Or 355, 405 P2d 847 (1965); *State v. Clipston,* 237 Or 634, 392 P2d 772 (1964); and *State v. Townsend,* 19 Or 213, 23 P 968 (1890), for the rule that:

> "Evidence of association between a defendant and alleged accomplices is *admissable* [sic] as corroboration only if it places them together at a time and place when it is unlikely that they would have been together in the absence of criminal concert between them * * *." (Emphasis supplied.)

Defendant claims that association in the same automobile and at a grocery store on the day following a robbery of a residence does not constitute the kind of corroboration required by the rule of these cases.

■■ The proposition for which these cases stand is not, however, identical or equivalent to the rule defendant claims. In *State v. Caldwell,* supra, the court said:

> "ORS 136.550 [now ORS 136.440] requires that the corroboration must be '* * * other evidence that *tends* to connect the defendant with the commission of the crime.' The corroborative evidence must be independent of any of the testimony of the accomplices. If the corroboration must be supplemented by testimony by the accomplices in order to connect the defendant with the crime it is insufficient. *State v. Brake,* 1921, 99 Or 310, 195 P 583; *State v. Reynolds,* 1939, 160 Or 445, 86 P2d 413. *Intimate association before or after the crime may be sufficient. State v. Clipston,* 1964, 237 Or 634, 392 P2d 772. However, as pointed out in *both Brake and Clipston the association must place defendant and the accomplices '* * * together at a place under circumstances not likely to have occurred unless there had been concert between them * * *.' State v. Townsend,* 1890, 19

Or 213, 215, 23 P 968 * * *." (Emphasis supplied.) 241 Or at 360.

The rule is that evidence of association subsequent to a crime will be sufficient to meet the statutory requirement of corroboration only where that association is "at a place under circumstances not likely to have occurred unless there had been criminal concert * * *." Evidence of apparently innocent post-crime association is not made inadmissible by this rule. The rule merely requires additional corroboration. Evidence of this nature may be relevant and admissible on the issue of a defendant's involvement in specific criminal activity, and may, *when taken together with additional evidence tending to corroborate,* provide the quantum of evidence required by the statute as a prerequisite to the use of evidence submitted by an accomplice.

■ If the state had attempted to corroborate Mr. Banks' testimony solely by use of the evidence supplied by these officers, defendant's arguments here might have been well taken. This would be so because the facts would then have been substantially similar to those in *State v. Carroll,* 251 Or 197, 444 P2d 1006 (1968), where the court concluded:

> "* * * Before independent evidence of defendant's association with an admitted accomplice will furnish the corroboration necessary, it must appear that the defendant and the accomplice were together at a place and under circumstances not likely to have occurred unless there was criminal concert between them. *State v. Caldwell,* 241 Or 355, 360, 405 P2d 847 (1965); *State v. Clipston,* 237 Or 634, 638-639, 392 P2d 772 (1964); *State v. Townsend,* 19 Or 213, 215, 23 P 968 (1890). The fact that defendant awaited in an automobile on the store's parking lot while Miss Nissen cashed

an insufficient funds check on her own account is not such evidence as would lead a reasonable person to believe that defendant criminally participated in the cashing of the check because this is a circumstance that is likely to occur without there having been any concert between them * * *." 251 Or at 200-01.

See also State v. Jones, 2 Or App 42, 465 P2d 719 (1970). But defendant is not alleging that the testimony of the accomplice—Mr. Banks—was insufficiently corroborated; he concedes in his brief, in fact, that there was substantial corroboration of Mr. Banks' testimony apart from the statements offered by the officers.[2] Defendant's argument here is simply this: Because the testimony of the officers would not —in and of itself—have met the requirements for corroboration set forth in ORS 136.440, that testimony was entirely irrelevant and thus inadmissible. Defendant's reliance upon Caldwell, Clipston and Townsend is thus misplaced.

■ Because all relevant facts are admissible provided they violate no exclusionary rule—Trook v. Sagert, 171 Or 680, 138 P2d 900 (1943)—the question here is essentially whether the testimony of the officers was relevant apart from its function as corroboration.

In Crouter v. United Adjusters, 266 Or 6, 510 P2d 1328 (1973), the Supreme Court affirmed the rule articulated in Trook to the effect that

" '* * * [a]ny fact which has a rational pro-

_____

[2] The defendant knew where the money, which was the subject of the robbery, was kept in the victims' home. Defendant had access to a shotgun similar to the one used in the robbery. Defendant was placed with the three alleged accomplices immediately before and after the robbery and they left and returned in his automobile. A car similar to the defendant's was seen near the time and place of the robbery.

bative value is commonly deemed relevant, and therefore admissible. If it throws some light upon the issue, the logical connection is universally conceded. If a rational relationship does not exist between the item of evidence offered and the fact which a party must prove, it would be a waste of time to let the witness testify. * * *'" 266 Or at 13.

*See also Byrd v. Lord Brothers,* 256 Or 421, 473 P2d 1018 (1970).

■ The trial judge's decision with reference to relevancy calls for the exercise of an informed discretion and it will be overturned only where the judge has gone beyond discretion's bounds. We cannot say that the testimony of the officers clearly lacked any probative value with regard to the issue of defendant's involvement in the robbery.

For the first time defendant has here also asserted that the admission of the same testimony was erroneous because the state was thereby allowed "to show in the trial of one conspirator that a co-conspirator had committed the incriminating act of fleeing from the police after the conspiracy had ended * * *."

■■ In the absence of exceptional circumstances, questions not timely raised and preserved in the trial court will not be considered on appeal. *State v. Johnson/Mitchell,* 17 Or App 242, 521 P2d 355, Sup Ct *review denied* (1974). The testimony objected to was relevant and admissible on the question of defendant's participation in the robbery. Therefore, *State v. Magone,* 32 Or 206, 51 P 452 (1897)—cited by defendant for the proposition "that a general objection is sufficient to preserve error on

appeal if the evidence objected to is not admissible for any purpose * * *"—is not applicable and will not serve to preserve an objection which was not made below.

■ A deputy sheriff testified that while on duty during the morning following the robbery—after he had been informed that a vehicle matching the defendant's in appearance was being sought in connection with the crime—he sighted a yellow Camaro with black stripes on the hood and with license plates he believed to begin with the letters "EED," which he attempted to pursue, but which "flat out ditched" him. Evidence showed that the license for defendant's car started with the letters "EDD." The deputy's testimony was received over defendant's objection as to its relevancy. This is the basis of the second assignment of error.

In light of (1) Gregory Banks' testimony to the effect that defendant let no one else drive his car, and (2) the similarity in appearance *and* license letters between defendant's car and that sighted by Deputy Miller, we think it evident that this evidence was sufficiently relevant to be considered by the jury.

■ Defendant next challenges a jury instruction based on ORS 17.250 (6) and (7) (*see* n 1), at the end of which the court made this additional comment:

"* * * However, I remind you again that the defendant has no burden in a criminal case * * *."

The assignment lacks merit. *State v. Dixon,* 5 Or App 113, 481 P2d 629, Sup Ct *review denied* (1971), *cert denied* 404 US 1024 (1972).

■ Defendant finally argues it was error to re-

fuse his motion for a new trial in accordance with ORS 17.610 (4).[9]

Defendant's motion was supported by affidavits signed by one Janet Streeter and defendant's trial attorney, alleging: (1) Mrs. Streeter was willing to testify, contrary to evidence offered at the trial, that the defendant was not present at her residence during the time the robbery was allegedly planned, and (2) this information had not been available to the defendant prior to trial because *Mrs. Streeter's husband* had informed defense counsel that she "had no knowledge concerning the crime * * *."

Nothing in these affidavits demonstrates that Mrs. Streeter was not available for pretrial interviews. The fact defendant was willing to rely on hearsay in such an important matter, if true, simply indicates a lack of diligence. The motion was properly denied. *State v. Ellis,* 232 Or 70, 374 P2d 461 (1962); *Larson v. Heintz Const. Co. et al,* 219 Or 25, 345 P2d 835 (1959); and *State v. Taggart,* 14 Or App 408, 512 P2d 1359 (1973), Sup Ct *review denied, cert denied* — US —— (October 15, 1974).

Affirmed.

---

[9] ORS 17.610 provides:

"A former judgment may be set aside and a new trial granted on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *.

"(4) Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial.