Argued May 19, affirmed July 19, 1976

PERRY, *Appellant,*
*v.*
BROWN, *Respondent.*
(No. 421-306, CA 5515)
552 P2d 577

*Gerald C. Doblie,* Portland, argued the cause for appellant. With him on the brief were Bailey, Doblie and Bruun, Portland.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

**FORT, J.**

In this habeas corpus proceeding plaintiff challenges the sufficiency of the documents of procedures under which he is being held for transfer to the State of Washington after probation violation. In his two assignments of error he questions whether the waiver of extradition which he signed in Washington as a condition of his being allowed to live in California while on parole is applicable in Oregon, and also contests the validity of his arrest in Oregon under a Governor's warrant of arrest and extradition.

Plaintiff was first arrested in Oregon under a fugitive complaint. A Governor's warrant was issued and he was rearrested. While he was in custody pursuant to the first warrant, a second Governor's warrant was issued that included a copy of the Washington sentence which apparently had been omitted from the first warrant.

■ Plaintiff contends first that the copy of the sentence accompanying the Washington governor's demand for extradition was not properly authenticated as required by ORS 133.753. Among the documents accompanying this demand is an Order of Probation with an attached Schedule A setting out the conditions of probation. The order itself is certified by the county clerk in Washington to be a correct copy of the original. In the request for extradition to the Governor of Oregon, the Washington governor certified that "the annexed documents are duly authenticated in accordance with the laws of this State * * *." Such authentication is sufficient to meet the requirements of ORS 133.753 that the "sentence must be authenticated by the executive authority making the demand." *Mays v. Shields,* 251 Or 168, 170-71, 444 P2d 949 (1968).

■ Plaintiff also contends that he is being held illegally since he was never arrested pursuant to the second warrant of extradition. The state points out that plaintiff was already in custody and knew in advance

that the second warrant would be issued. We have held above that the documents upon which the second warrant was based were properly authenticated, and thus that that warrant was valid. Since plaintiff did not raise the question of the formality of a rearrest at the hearing, and because he was in custody and was advised of the issuance of the second warrant, we decline to consider the matter on appeal. *State v. Marling,* 19 Or App 811, 529 P2d 957 (1974), Sup Ct *review denied* (1975).

We conclude that the proceedings were in compliance with the Uniform Criminal Extradition Act, ORS 133.743 to 133.857, and that the plaintiff may be transferred to Washington pursuant to that Act.

In the view we have taken of this case, we do not consider plaintiff's remaining contentions.

Affirmed.