**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID NASH,

            Plaintiff - Appellant,

  v.

KEN LEWIS, individually and in his
capacity as Chief of the Rogue River
Police; et al.,

            Defendants - Appellees.

Nos. 07-35611 and 07-35839

D.C. No. CV-04-06291-PA

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted May 4, 2009
Portland, Oregon

Before: W. FLETCHER, BEA and IKUTA, Circuit Judges.

    David Nash appeals a final judgment in the civil action he brought against

city and county officials in Oregon who were responsible for Nash's involuntary

civil confinement related to his mental health. We have jurisdiction pursuant to 28

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

U.S.C. § 1291, and we affirm in part and reverse in part. Because the parties are familiar with the facts, we recite them only as necessary.

I.    Section 1983 Claim Against David Eisenhaure and Related *Monell*[1] Claim Against Jackson County Mental Health Services

The district court erred when, at the close of Nash's case in chief, the court sua sponte dismissed as a matter of law Nash's § 1983 claim against Eisenhaure. A § 1983 action lies for deprivation of liberty under the Due Process Clause of the Fourteenth Amendment if, in detaining a claimant, the state failed to follow its statutory provisions governing detention, assuming (as we do here) that such statutory provisions provide the requisite due process protection of the claimant's liberty interest required by the constitution. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

At trial, it was undisputed that Nash was held without a hearing for six judicial days, instead of the five allowed by Oregon law. *See* Or. Rev. Stat. § 426.232(2). Evidence presented at trial sufficed to create a jury question as to whether Nash gave his consent to remaining an extra day in detention. We therefore reverse the district court's judgment entered as a matter of law against Nash on his § 1983 claim against Eisenhaure and against Nash on Nash's related

---

[1]*See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691–92 (1978).

*Monell* claim against Jackson County for Eisenhaure's actions, and we remand.

II.     Errors in the Jury Verdict Form

Nash contends the district court erred in denying his motion for a new trial on the grounds that the verdict form (1) did not allow a space for the jury to find Jackson County liable to Nash on his state law false imprisonment claim,[2] and (2) omitted elements of an affirmative defense in a way that led the jury to find the defense protected Jackson County from liability on Nash's claim that it was per se negligent for violating a state statute, even though the defense may not have been applicable.[3]

"Verdict forms are, in essence, instructions to the jury.  We review the formulation of jury instructions for abuse of discretion."  *United States v. Reed,* 147 F.3d 1178, 1180 (9th Cir. 1998) (citation omitted).  However, where, as here, the claim is that the trial court misstated the law, we view the issue as one of law

[2] Nash preserved his objection to the verdict form's failure to allow for a finding of liability on his false imprisonment claim because Nash's proposed verdict form included a space for the jury to find false imprisonment, and Nash timely objected, before the jury began deliberating, to all instructions proposed but not given, and the district court noted that exception.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109–10 (9th Cir. 2001).

[3]  Nash preserved his objection to this omission because he filed a motion to amend the verdict form to include the two omitted elements of the affirmative defense before the jury rendered its verdict and was discharged. *See Yeti by Molly*, 259 F.3d at 1109–10.

3

and review the instructions de novo. *See Clem v. Lomeli*, 566 F.3d 1177, 1180–81 (9th Cir. 2009). Reversible error occurs when the instructions do not "fairly and correctly" cover the substance of the applicable law and the error is not harmless. *Dang v. Cross*, 422 F.3d 800, 805 (9th Cir. 2005).

Nash pleaded and presented evidence upon two different state law claims against Jackson County[4] for being held against his will in excess of the five judicial days allowed under Or. Rev. Stat. § 426:[5] (1) false imprisonment, for which claim the jury verdict form did not provide a space for the jury to indicate a finding favorable to Nash, and (2) negligence per se from violation of the statute itself. Although the jury verdict form did provide a space for the jury to find that Jackson

---

[4] Nash contended Jackson County was liable for the conduct of its employee Eisenhaure under the doctrine of respondeat superior.

[5] Oregon Revised Statute § 426 provides the rules relating to involuntary mental health detention and provides: "[i]n no case shall the person be held longer than five judicial days without a hearing under this subsection," § 426.237(4)(b), "under no circumstances may the person be held for longer than five judicial days,"§ 426.232(2), and "[e]xcept when a person is being held under O.R.S. § 426.237 (1)(b), a person shall not be held under O.R.S. § 426.232 or § 426.233 for more than five judicial days without a hearing being held under O.R.S. §§ 426.070 to 426.130," § 426.234(4).
Eisenhaure could have but did not seek an ex parte judicial order, upon a showing of good cause, to extend Nash's confinement beyond the initial five judicial day period. *See* Or. Rev. Stat. § 426.095(2)(c) (explaining that, at the request of "the person representing the state's interest," the hearing date may be postponed for an additional five judicial days "for good cause . . . in order to allow preparation for the hearing.").

4

County was negligent, which the jury evidently found, the jury verdict form did not correctly state the elements of Jackson County's statutory affirmative defense to this claim under Or. Rev. Stat. § 426.335(5).[6]

With respect to the district court's error in failing to provide a space for the false imprisonment claim in the jury verdict form, Oregon law supports a claim for false imprisonment where, as Nash claims was the case here, a person's confinement initially was legal but then became unlawful. *See Lukas v. J. C. Penney Co.*, 378 P.2d 717, 721–22 (Or. 1963) (en banc). We cannot conclude the district court's error was harmless because "nothing about the jury's verdict indicates that the result would have been the same," i.e., that the jury would have found that Jackson County, acting through Eisenhaure, did not falsely imprison Nash, had there been a space in the verdict form for the jury to use to reflect such a finding. *See Clem*, 566 F.3d at 1183 (quotation and alteration omitted).

As to the omitted elements of the affirmative defense, under Oregon law, the defendants were not "criminally or civilly liable" for committing and detaining Nash if they acted "in good faith, on probable cause *and* without malice." Or. Rev.

---

[6] Oregon Revised Statute § 426.335(5) provides: "No physician, hospital or judge shall be held criminally or civilly liable for actions pursuant to O.R.S. §§ 426.228, 426.231, 426.232, 426.234 or 426.235 if the physician, hospital or judge acts in good faith, on probable cause and without malice."

5

Stat. § 426.335 (emphasis added). The trial court's instruction omitted the elements of "in good faith" and "on probable cause."

Under Oregon law, the existence of malice and lack of probable cause are distinct and independent concepts that must each be proven where a claim or defense requires both. *See Crouter v. United Adjusters, Inc.*, 510 P.2d 1328, 1329–30 (Or. 1973). The legislature would not have included the other elements of "in good faith" and "on probable cause" in the statute had "malice" alone sufficed. Thus, for the district court to have listed only one of the affirmative defense's elements, rather than all three, was error.

As to defendants other than Jackson County, however, the error was harmless because the jury found Nash had not proven his claims that they were negligent for having violated a state statute, and therefore the jury did not need to consider whether the affirmative defense, however stated, applied to those claims. Accordingly, we affirm the judgment entered upon the jury verdict in favor of defendants other than Jackson County.

Omitting the elements of "in good faith" and "on probable cause" from the verdict form was not harmless as to Nash's claims against Jackson County,

6

however, because it more likely than not materially affected the verdict.[7] *See*

*Clem*, 566 F.3d at 1182–83. The jury found that Jackson County, acting through

Eisenhaure, was "negligent *which caused damage* to [Nash]." (Emphasis added.)

The next question on the verdict form instructed the jury to skip the question about

the amount of damages if the jury found that Jackson County, through Eisenhaure,

acted without malice. The jury did not award Nash damages. We conclude that it

is more likely than not that the jury awarded no damages because it thought a lack

of malice sufficed to establish the affirmative defense, although the statute clearly

states that the defendant must also prove that its actions were taken in good faith

and on probable cause. This error was not harmless. *See Clem*, 566 F.3d at 1183.

We therefore reverse the judgment in favor of Jackson County and remand

with instructions that Nash be granted a new trial on his state law negligence and

false imprisonment claims against Jackson County for Eisenhaure's conduct.

III.    Exclusion of Evidence of Prior Conflicts Between the Parties

The district court did not abuse its discretion in its grant of the defendants'

motion in limine to exclude evidence of previous incidents creating "bad blood"

---

[7] The jury instructions, which accurately stated the elements of the affirmative defense, did not suffice to focus the jury on the nature of the defense. This court "reviews the jury instructions and the verdict form together to determine whether the jury was misled." *Boggs v. Lewis*, 863 F.2d 662, 666 (9th Cir. 1988).

between Nash and the Rogue River Police Department. *See* Fed. R. Evid. 403.

IV.    Dismissal of Defamation Claims Against Chief Lewis and Officer Lehman

Chief Lewis and Officer Lehman preserved the defense of immunity because in their answer to Nash's first amended complaint, they raised the defense of "immunity" under Oregon Revised Statute § 30.265(3)(c).

The district court did not err in dismissing Nash's defamation claims. Under Oregon law, "executive officers have an absolute privilege to publish defamatory material in the course of performing their executive duties." *Fender v. City of Oregon City*, 811 F. Supp. 554, 558 (D. Or. 1993), *aff'd on other grounds*, 37 F.3d 1505 (9th Cir. 1994) (unpublished); *see also Chamberlain v. City of Portland*, 56 P.3d 497, 499–500 (Or. Ct. App. 2002).

Preparation of a police report is an official duty of a police officer. *See Chamberlain*, 56 P.3d at 500. Nash's complaint concedes that "[t]he conduct of officers LEWIS and LEHMAN [in making defamatory statements] *was within the scope of their employment and duties* . . . ." The district court's holding that Officer Lehman, Chief Lewis, and Rogue River were entitled to absolute immunity on Nash's defamation claims thus was not error.

8

V.     Motion for New Trial / Contention that Jury Verdict Was Against the Great Weight of the Evidence

Nash also contends that the great weight of the evidence is against the jury's finding against him on his § 1983 action alleging Chief Lewis, Officer Lehman, and therefore the city of Rogue River violated the Fourth and Fourteenth Amendments when they arrested and detained Nash, and he appeals the district court's denial of his motion for a new trial on that ground.[8]  Evidence in the record supports that Chief Lewis and Officer Lehman had probable cause to arrest Nash and detain him for mental health evaluation. Thus, there is substantial evidence to justify the jury's conclusion that Lewis and Lehman did not violate Nash's constitutional rights.  The district court did not abuse its discretion when it denied Nash's motion for a new trial on his § 1983 claims against Chief Lewis and Officer Lehman.  *See Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1191 (9th Cir. 2002).

Because the district court's denial of Nash's motion for a new trial on his § 1983 claim against Chief Lewis and Officer Lehman was not an abuse of discretion, we also affirm the district court's judgment as a matter of law against Nash on his *Monell* claim against the City of Rogue River for the actions of Chief

---

[8] Nash's motion for a new trial, the district court's denial of which Nash now appeals, also requested a new trial on Nash's other claims against other defendants. We addressed above his claims of error by the district court on those claims, so we do not address them again here.

Lewis and Officer Lehman.[9]  *See Monell*, 436 U.S. at 691–92.  Each party will bear its own costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**

---

[9] We have received and reviewed Nash's response to the order to show cause filed on May 13, 2009.  The order to show cause is discharged.  Appellees' motion to dismiss is denied.