Argued September 10, affirmed September 28, 1926.

## STATE v. LIL TRANCHELL.

(249 Pac. 367.)

**Criminal Law—Evidence Corroborative of Accomplice Held Strong and Convincing Within Itself to Connect Defendant With Unlawful Distillation of Intoxicating Liquor (§ 1540, Or. L.).**

In prosecution for unlawful distilling, testimony independent of that of accomplice, placing defendant at different hours of day upon unfrequented highway not far distant from camp established in connection with distilling plant, and in daytime and at nightfall at encampment, *held* strong and convincing evidence corroborative of accomplice, connecting defendant with commission of crime, under Section 1540, Or. L.

---

Criminal Law, 16 **C. J.**, p. 701, n. 25, p. 702, n. 27, p. 707, n. 68, 69, 70, 72, p. 712, n. 28, 29, 30.
Intoxicating Liquors, 33 **C. J.**, p. 758, n. 80.
Sufficiency of corroborating evidence, see note in 98 **Am. St. Rep.** 170. See, also, 1 **R. C. L.** 171.

From Clackamas: J. U. CAMPBELL, Judge.

Department 1.

The grand jury reported into the Circuit Court for Clackamas County, Oregon, an indictment alleging that Lil Tranchell, Ernest Handt, and Leonard Fisk, on July 21, 1925, unlawfully and feloniously set up and operated a distillery for the manufacture of intoxicating liquor for beverage purposes. The defendants demanded, and the court awarded, separate trials.

When the case of *State* v. *Lil Tranchell* came on for trial, the district attorney moved the dismissal of the indictment against her codefendant, Ernest Handt, who thereupon became the state's chief witness. At the conclusion of the State's case, the defendant moved the court for a directed verdict of not guilty upon the ground that the State had failed to prove the material allegations of the indictment, and on the

further ground of the insufficiency of evidence to corroborate the testimony of witness Handt, the alleged accomplice. From a judgment of conviction, she appeals to this court, where she again asserts that the State has failed to corroborate the testimony of an alleged accomplice.                                    AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Carl T. Travis.*

For respondent there was a brief and oral argument by *Mr. Livy Stipp,* District Attorney.

BROWN, J.—The testimony of the accomplice tends to show that Lil Tranchell and Leonard Fisk, a codefendant, were jointly interested in the distillation of moonshine whisky, and, acting together, employed witness Handt, at the agreed wage of ten dollars per day, to assist them in their illicit operations. The witness testified that, following such employment, Lil Tranchell transported Fisk and witness to a point in a lonely wood, near a rough and untraveled road along the Sandy River, extending from Brightwood to the Zig Zag ranger station on the Mount Hood loop road; that the different parts of the distilling plant were assembled at this point and a camp established within a quarter of a mile thereof; that a trail connected the camp with the distillery site; that they entered upon the manufacture of intoxicating liquor and ran off about a hundred gallons; that part of the liquor was transported by Fisk in his Overland and a part by Lil Tranchell in her Chandler car. Witness testified that defendant Tranchell often came to their camp at different hours of the daytime, and in the night-time as well.

On July 23, 1925, a number of officers raided the distillery plant and arrested the witness and thereafter followed the trail to the camp, where his codefendant Fisk was taken in custody. At the plant these officers found seven or eight hundred gallons of mash, much of it ready to be run off, and one gallon of whisky, in a five-gallon keg. At the camp they found five sacks of sugar, a quantity of yeast, and a number of empty whisky kegs.

The testimony abundantly establishes the commission of the offense of the unlawful distillation of intoxicating liquor.

The defendant relies upon the alleged insufficiency of corroborative testimony to warrant the court in submitting the case to the jury. As to the corroborative evidence required in support of the testimony of an accomplice to warrant a conviction, the authorities announce no general rule. The circumstances surrounding criminal cases are varied, and each case must be controlled by its own set of facts. The statute declares:

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime, and the corroboration is not sufficient if it merely show the commission of the crime, or the circumstances of the commission." Or. L., § 1540.

The corroborative evidence must be that strong and convincing that it tends within itself to connect the defendant with the commission of the crime. The rule demanding the corroboration of the testimony of an accomplice in crime does not require that such testimony be corroborated as to every fact to which he testifies, for, if so, there would be nothing gained by calling him as a witness. In the cause at issue,

witnesses testified to material facts that constitute strong circumstances tending to connect the defendant with the commission of the offense of the illicit manufacture of intoxicating liquor. This does not appear to be a case where the defendant's presence with her accomplices at the site of the offense was a natural occurrence, free from suspicion or incriminating circumstances. Testimony independent of that of the accomplice places defendant, at different hours of the day, upon an unfrequented highway, not far distant from the camp in question. Testimony independent of that of the accomplice places defendant, in the daytime and at nightfall, in the fastness of the forest, at the encampment of the outlaws.

Relating to proximity to the scene of the crime and association with accomplices, it has been written:

"Proof that defendant was at or near the scene of the crime at or about the time of its commission is admissible in corroboration of the testimony of the accomplice, and may tend to connect defendant with the commission of the crime so as to furnish sufficient corroboration to support a conviction when coupled with suspicious circumstances, such as unseasonableness of the hour, inclemency of the weather, lack of apparent reason for such presence, being in the company of the accomplice, subsequent flight." * * 16 C. J., Criminal Law, § 1445.

The defendant further rests her case upon that of *State* v. *Odell*, 8 Or. 30. This is not sound reasoning. In the Odell case, the circumstances surrounding the defendant's presence in the town where the offense was committed were neither suspicious nor unusual; and, in that case, this court properly held that the fact that the prisoner was in the same town as the defendant about the time of the alleged commission of the offense was not alone sufficient to corroborate

the testimony of an accomplice to warrant a conviction, because the prisoner's being in town would not, of itself, constitute a circumstance tending to incriminate him. On the other hand, in the case at issue, there appears to have been no legitimate reason for the defendant's presence at the distillery and in the camp where the operators of the still kept their supplies.

This case is affirmed.          AFFIRMED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.