Argued November 1, affirmed November 22, 1967

# STATE OF OREGON, *Respondent, v.* DENNIS RICHARD DUNCAN, *Appellant.*

434 P. 2d 336

*John Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for Appellant. With him on the brief was Lawrence A. Aschenbrenner, Public Defender, Salem.

· *Grace K. Williams,* District Attorney, Canyon City, argued the cause and filed the brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and WOOD-RICH, Justices.

HOLMAN, J.

Defendant appeals from a judgment convicting him of the crime of burglary in a dwelling.

The chief witness for the prosecution was an accomplice. The issue presented is whether the accomplice's testimony is corroborated "by other evidence that tends to connect the defendant with the commission of the crime" as required by ORS 136.550.

The alleged burglary took place about seven miles from Canyon City in Central Oregon. The accomplice testified that he, defendant, and defendant's girl friend spent a night in the house while hitchhiking together from Portland to Likely, California. The three removed possessions from the house and continued their trip the next morning, according to the accomplice.

A neighbor testified that, prior to the burglary, he inspected the house for the owners and found it to be in good order. Thereafter, he inspected the house again and discovered that it had been ransacked.

The accomplice's fingerprints were found on a water glass in the house. A state police officer testified that late in the afternoon he questioned the three

hitchhikers and ascertained their identities about a half-mile from the house.

There was testimony that a bed had been made upon the davenport and appeared to have been slept in. The bed in the bedroom had also been slept in and there were two impressions in it as if two persons had lain in it.

The defendant admitted hitchhiking from Portland to California with his girl friend and the accomplice. However, defendant testified that the three spent the night near a fire they built on a hillside 75 feet above the house. He stated that the accomplice became cold during the night and entered the house, but that defendant and his girl friend remained on the hill.

 Defendant's contention that there was no evidence to connect him with the crime must be rejected. The accomplice's testimony that accomplice was in the house was corroborated by the finding of his fingerprints there. Because of the evidence indicating three people had spent the night in the house, the jury could find he was accompanied by two other persons. The defendant's own testimony was to the effect that the only two persons with the accomplice were the defendant and his girl friend. This, in our opinion, was sufficient to connect the defendant with the commission of the crime as required by statute. Cf. *State v. Tranchell,* 119 Or 329, 249 P 367 (1926). ORS 136.550 is satisfied if there is some corroborating evidence, however slight. *State v. Caldwell,* 241 Or 355, 361, 405 P2d 847 (1965); *State v. Rosser,* 162 Or 293, 342, 86 P2d 441, 87 P2d 783, 91 P2d 295 (1939). The evidence may be circumstantial. *State v. Caldwell, supra,* at 361; *State v. Rosser, supra,* at 341-2.

The judgment of the trial court is affirmed.