Argued January 21, affirmed February 5, reconsideration denied March 6, petition for review denied April 9, 1974

STATE OF OREGON, *Respondent, v.* DENNIS RALPH WILLIAMS (No. 72 4579), *Appellant.*

518 P2d 1049

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

TANZER, J.

Defendant appeals from a conviction of robbery in the second degree, ORS 164.405, contending that evidence of a later robbery should not have been admitted.

The facts of the case must be analyzed in light of well-established Oregon law that evidence of the commission of other crimes by a defendant is admissible if relevant to show motive, intent, absence of mistake or accident, common scheme or plan, identity

of the defendant, or any other relevant fact, *see State v. Lehmann,* 6 Or App 600, 602-603, 488 P2d 1383 (1971), *State v. Long,* 195 Or 81, 244 P2d 1033 (1952), unless its probative value is outweighed by its prejudicial tendency to blacken the defendant's presumptively good character. Relevant to that determination are:

" '* * * [T]he actual need for the other-crimes-evidence in the light of the issues and the other evidence available to the prosecution, the convincingness of the evidence that the other crimes were committed and that the accused was the actor, and the strength or weakness of the other-crimes-evidence in supporting the issue, * * * the degree to which the jury will probably be roused by the evidence to overmastering hostility. McCormick, Evidence 326, 332, § 157 (1954).' " (cited with approval in *State v. Lehmann,* supra, 6 Or App at 603).

Turning to the facts, Robert Davis testified for the prosecution that at 11:00 the morning of the robbery he and defendant visited with William Stoneberg. They discussed committing some robberies to make money and developed a plan to steal a stereo set which Stoneberg had sold to the victim. He testified that he and the defendant committed the robbery late that afternoon.

At 4:00 p.m. on the day of the robbery a Eugene Police Department officer stopped a white 1964 Corvair. In the car was the defendant, together with William Stoneberg and Davis.

Between 5:00 and 5:30 p.m., Sarah Stoneberg, Davis and the defendant committed the robbery on which the indictment is based. They entered the victim's home, informed him that they were there to "repossess a stereo" and forcibly removed it. The

victim was able to identify Sarah Stoneberg and Davis, but was unable to identify the third person as the defendant. The three then fled in a small "dirty white" car.

Another witness testified that between 5:00 and 7:00 p.m. he bought the stolen stereo set from William Stoneberg. With Stoneberg at the time were Sarah Stoneberg, Davis and another man whom he could not identify, although he had earlier chosen defendant's photograph in an identification procedure.

Davis, recalled, testified that later that night in pursuance of their scheme to acquire money, he, Stoneberg and the defendant planned another robbery, this time of four pounds of marijuana. Between 1:00 and 2:00 a.m. the three of them went to a house in Eugene, committed that robbery and were apprehended. *See State v. Williams,* 16 Or App 48, 517 P2d 311 (1973), *State v. Stoneberg,* 15 Or App 601, 517 P2d 333 (1973).

A victim of the subsequent robbery described it in some detail and identified the defendant as one of the robbers. Police testimony established that the defendant and Stoneberg were arrested at the scene of the second robbery.

■ Under the facts of this case, the second robbery was relevant to show that the intent of the parties was not to repossess the set but to rob the victim of it in order to gain money. It was thus probative as to intent and plan. *State v. Pomroy,* 4 Or App 564, 480 P2d 450 (1971); *State v. McDonald,* 231 Or 24, 361 P2d 1001 (1961), *cert den* 370 US 903, 82 S Ct 1247, 8 L Ed 2d 399 (1962).

■ In addition, the evidence was relevant as to the identification of the defendant. Evidence that the

defendant was with Davis before and after the robbery is relevant to corroborate Davis' testimony that the defendant was with him at the time of the robbery. *State v. Oster,* 232 Or 389, 394, 376 P2d 83 (1962).

■ Such evidence being relevant, the next question is whether its probative value outweighs its tendency to incite the jury to the defendant's prejudice. The trial court weighed the potential for prejudice against the state of the evidence on the issues of intent and identification in a manner consistent with our quotation above from McCormick, Evidence, and *State v. Lehmann,* and concluded that the evidence should be admitted, but that evidence of yet a third crime, not a robbery, should be excluded. We agree with that determination.

■ Defendant also complains that various details in the second robbery, such as the defendant's threatening use of a weapon, were unnecessarily admitted as part of the proof of the subsequent crime. Considering the desirability of testimonial completeness, it is not appropriate to "sanitize" relevant proof of the defendant's conduct as a condition of admissibility. *State v. Remington,* 15 Or App 170, 172, 515 P2d 189 (1973), *rev den* (1974) ; *State v. Raiford,* 7 Or App 302, 305-306, 490 P2d 1036 (1971).

Evidence of defendant's conduct before and after the crime charged was relevant and properly admitted.

Affirmed.