Argued December 17, 1975, affirmed January 26, reconsideration denied
March 3, petition for review denied March 23, 1976

STATE OF OREGON, *Respondent,*
*v.*
ISRAEL ALBERT DABNEY, *Appellant.*
(No. C 75-03-0695 Cr, CA 4911)

545 P2d 918

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant, convicted of burglary in the first degree, ORS 164.225, contends on appeal that the trial judge erred in (1) not suppressing an incriminating statement allegedly made by defendant and (2) admitting evidence of other criminal acts by the defendant.

### I.

Defendant was arrested after an officer observed an automobile reportedly connected with a burglary which had occurred just minutes before. When the automobile which was being driven by defendant was stopped, one Jackson, the other occupant, jumped from it and fled. The defendant told the arresting officer that he hoped Jackson would take the blame for the burglary. When the officer asked the defendant if he really thought Jackson would take the blame and exonerate him, the defendant blurted out, "I only drove, I didn't go in." Although the officer made notes of his conversation with the defendant, he did not include in those notes the quoted statement by defendant nor did he mention it to his superiors at the police station. The first time the officer recalled the quoted statement was in his testimony before the grand jury.

At a pretrial *Brewton*[1] hearing the court said that it doubted seriously whether the defendant had made the statement in question. The court did find, however, "if the man made any statements * * * they were voluntary and not coerced and, obviously, he made some exculpatory statements later that were voluntary."

The thrust of defendant's contention on appeal is that the incriminating statement disclosed by the officer's testimony should have been suppressed in the absence of an affirmative finding by the trial court that the statement was actually made by the defendant. Defendant contends that *Brewton* in effect so

---

[1]*State v. Brewton,* 238 Or 590, 395 P2d 874 (1964).

holds. We do not so construe it. *Brewton* requires only that the trial court decide as a preliminary matter, out of the presence of the jury, whether or not an alleged conversation or admission is voluntary. Whether the confession is true, whether it is reported accurately, and even whether it was in fact made are issues of fact solely for the jury. To the same effect, *see The People v. Hegovich,* 348 Ill 58, 180 NE 561 (1932).

## II.

■ Contrary to defendant's contention, under the circumstances in this case the evidence of other criminal activity by the defendant was properly admitted. When arrested, defendant claimed that he had been recently picked up by his co-defendant, Jackson, at a time of day which was after the burglary in question had occurred. At trial the state offered testimony of an officer who had seen defendant and Jackson together at a service station a few minutes prior to the occurrence of the burglary in question. On direct examination of the officer nothing was disclosed about any criminal activity. On cross-examination of the officer, defendant's counsel asked questions which suggested that the service station owner denied seeing the defendant at the time the officer stated the defendant was at the service station. The trial court then allowed the officer to testify that he had observed the defendant taking a television set from a car in which he had driven to the service station with the co-defendant, Jackson. The officer further testified that shortly thereafter he had arrested the service station owner for receiving stolen property.

The trial court correctly admitted this testimony to show that the service station owner had a motive to deny that he had seen the defendant and Jackson together at his place of business. In fact, the owner later testified that he had told the police that he had never seen the defendant before and further that he did not really remember whether he had or not.

The general rule that the prosecution cannot introduce evidence of other crimes is subject to numerous exceptions. McCormick, Evidence 447, § 190 (2d ed 1972). The situation here constitutes an exception as did the situation in *State v. Williams,* 16 Or App 361, 518 P2d 1049, Sup Ct *review denied* (1974), which presented a factual situation closely analogous to the one at hand. There an officer testified that he had seen the defendant and one Davis together before the robbery for which defendant was charged. A victim of a subsequent robbery identified defendant as one of his assailants. Davis and the defendant were apprehended after the subsequent robbery. Defendant contended that evidence of the later robbery should not have been admitted. We there held:

"* * * [T]he evidence was relevant as to the identification of the defendant. Evidence that the defendant was with Davis before and after the robbery is relevant to corroborate Davis' testimony that the defendant was with him at the time of the robbery * * *." 16 Or App at 364-65.

Affirmed.