Argued May 31, affirmed July 16, reconsideration denied
August 21, petition for review denied October 30, 1979

STATE OF OREGON,
*Appellant,*

*v.*

VIRGIL DEAN CHESHIER,
*Respondent.*

(No. 53149, CA 12978)

597 P2d 839

James M. Brown, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Robert G. Danielson, Sweet Home, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, Thornton, Buttler, Joseph, Judges, and Peterson, Judge Pro Tempore.

JOSEPH, J.

## JOSEPH, J.

Defendant was charged with rape in the first degree. The state appeals an order which denied its motions for allowance of an omnibus hearing and for continuance of the trial and dismissed with prejudice the accusatory instrument.

At a pre-trial conference held November 16, 1978, the admissibility of various items of evidence was discussed. The district attorney then indicated that he did not agree with what seemed to be the court's position on some evidentiary matters and stated he would file a motion for an omnibus hearing. Trial was conditionally set for November 30. On November 22 the district attorney was notified that the case would definitely be tried on the thirtieth. On November 27 he filed a motion for an omnibus hearing, requesting rulings prior to trial on the admissibility of four categories of evidence (which are set out in the margin[1] ).

The next day, November 28, the court notified the prosecutor that it would hold a hearing on the motion for omnibus hearing just prior to trial on the morning of the thirtieth. On November 29 the state filed a motion to postpone the trial. The affidavit in support of the motion stated in material part:

"[F]ive (5) witnesses will have to be called at [the omnibus] hearing, and if the Court disallows

---

[1] The issues raised in the motion were:

"1. The admissibility of evidence of a course of conduct between the defendant and [the prosecutrix] pertaining to prior acts of sexual intercourse between the defendant and [the prosecutrix] ***.

"2. The admissibility of statements made by [the prosecutrix] to [two other named persons] pertaining to this course of sexual conduct between herself and defendant prior to the incident alleged in the indictment.

"3. The admissibility of statements made by the prosecutrix to [a named person] about the alleged incident.

"4. The admissibility of statements made by [the prosecutrix] to [a named person] about the course of sexual conduct between herself and the defendant."

[143]

the evidence in accordance with its previously indicated inclination, the state will not proceed to trial until the admissibility of the offered evidence can be litigated on appeal. Anticipating that possibility, the State has not subpoened [*sic*] all necessary witnesses for the trial of the case and will not be prepared for trial on the date now set ***."

On the morning of November 30, the court heard argument on the state's motion for an omnibus hearing. The court denied the motion after orally ruling that the prosecutrix would be allowed to testify to prior acts with defendant and that third parties could testify generally that the prosecutrix had complained of sexual misconduct but could not disclose details of the complaints. The correctness of those evidentiary rulings is not in question here, but we note that they were not wholly contrary to the prosecution's position. After so ruling, the court stated:

"[T]he Court has as a discretionary matter and in response to the [motion for omnibus hearing] indicated rulings that the court would make, and I think those rulings are clear enough to go ahead with the trial of this case."

The court called the case for trial. When the state indicated it would not proceed, defendant (who had filed an affidavit opposing a continuance) moved for dismissal with prejudice. The motion was granted.

ORS 135.037 provides in material part:

"(1) At any time after the filing of the accusatory instrument in circuit court and before the commencement of trial thereon, the court upon motion of any party shall, and upon its own motion may, order an omnibus hearing.

"(2) The purpose of an omnibus hearing shall be to rule on all pretrial motions and requests, including but not limited to the following issues:

"(a) Suppression of evidence;

"(b) Challenges to identification procedures used by the prosecution;

"(c) Challenges to voluntariness of admissions or confession;

[144]

"(d) Challenges to the accusatory instrument.

"(3) The court, at the time of the omnibus hearing, may also consider any matters which will facilitate trial by avoiding unnecessary proof or by simplifying the issues to be tried, or which are otherwise appropriate under the circumstances to facilitate disposition of the proceeding."

In *State v. Lewis,* 39 Or App 151, 591 P2d 414 (1979), we held that the state was entitled to an omnibus hearing where the issue on which it sought a ruling was the voluntariness of statements made by defendant. We said:

"The language of the statute is mandatory; there is no question that the motion was made; there is no question as to voluntariness being a part of the subject matter."

*See also State v. Jalo,* 27 Or App 845, 557 P2d 1359, *rev den* (1977).

■   In this case, the issues raised by the motion for omnibus hearing were not within any of the specific categories of ORS 135.037(2). The question is whether the mandate that "the court upon motion of any party *shall* *** order an omnibus hearing," read in conjunction with the broad statement of purpose in the preamble to ORS 135.037(2), required the court to do more than it did. The three specific issues set out in subparts (a), (b) and (c) of subsection (2) typically require relatively lengthy evidentiary hearings, which could disrupt an orderly proceeding if held during the trial. Challenges to the accusatory instrument (subpart (d)), with limited exceptions, have to be raised prior to trial (ORS 135.640), and efficient use of judicial resources requires that such challenges be settled then if possible. We have previously concluded that motions to limit a defendant's evidence *may* be considered under subsection (3). *State v. Marbet,* 32 Or App 67, 573 P2d 736 (1978). However, we do not think the legislature intended to require a hearing and ruling prior to trial on every foreseeable issue concerning the admissibility of evidence. *Cf. State v. Stanley,*

30 Or App 33, 566 P2d 193, *rev den* (1977). If it had intended the mandated omnibus hearing always to be so extensive, the discretionary language in ORS 135.037(3) would have virtually no meaning.

■ Assuming, arguendo, that the issues raised by the state were within the mandate of ORS 135.037(1), we would not necessarily conclude that the court was required to do more than make the rulings it did. Not every issue raised at an omnibus hearing will require the taking of evidence. Challenges to the accusatory instrument, for example, normally do not require evidence. The trial court apparently recognized that; in his order he denied the omnibus hearing "to the extent requested by counsel." That was not error.

■ The motion for continuance was also properly denied. It was based primarily on the state's expectation that there would be a lengthy omnibus hearing and possibly an appeal. The court concluded the state was not entitled to those expectations and should have been ready for trial. Six of the state's witnesses were present, and no showing was made that any other witnesses could not be obtained for the trial. The trial court did not abuse its discretion in ruling that the state had failed to show sufficient cause for a postponement. ORS 136.070.[2]

■ Defendant was prepared for trial on the thirtieth (as the prosecution was aware) and had arranged for an expert witness to be present. If he were to later face trial on the same charges, he would be required to bear additional expenses. More importantly, a serious accusation was hanging over his head. Unlike *State v. Williams,* 17 Or App 43, 520 P2d 462 (1974), there was no good reason here why the state could not proceed.

---

[2] ORS 136.070:

"When a case is at issue upon a question of fact and before the same is called for trial, the court may, upon sufficient cause shown by the affidavit of the defendant or the statement of the district attorney, direct the trial to be postponed for a reasonable period of time."

[146]

Under those circumstances, the dismissal with prejudice was proper. *See* ORS 136.120, 136.130.[3]

Affirmed.

---

[3] ORS 136.120:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

ORS 136.130:

"If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered. If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense."