Argued June 21, affirmed August 20,
reconsideration denied September 25, 1979

STATE OF OREGON,
*Respondent,*

*v.*

ARLIS KEITH TILFORD,
*Appellant.*

(No. 8551, CA 12612)

599 P2d 1144

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Virginia L. Linder, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrier, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Gillette and Campbell, Judges.

LEE, J.

## LEE, J.

Defendant appeals his conviction of first-degree burglary following a trial to the court. He makes two assigments of error: (1) items taken during the burglary were improperly introduced into evidence because they were seized under authority of erroneously issued search warrants; and (2) the denial of his motion for acquittal because there was insufficient evidence to corroborate the testimony of his accomplice, *see* ORS 136.440(1).[1]

Arresting Officer Colbert first met defendant and his accomplice, one Evans, when Colbert responded to a complaint about juveniles drinking at a party in the house of Evans' parents. On that occasion, Colbert was invited inside the Evans residence where he observed several empty bottles of hard liquor. The following day, Colbert investigated a burglary that had taken place at a hunting lodge four miles from the Evans place, the fruits of which included six bottles of hard liquor. Entry into the lodge had apparently been partially effected by kicking in the doors, as indicated by a Vibram sole bootprint on one of them.

Several days later, Colbert and another officer returned to the Evans house to ask defendant and Evans where they had obtained their liquor. While waiting for someone to answer the front door, both officers looked through a window and saw pots containing marijuana plants on the kitchen table. When no one came to open the door, the officers followed a path to the rear of the house and knocked at the back door. There, Colbert noticed a Vibram sole footprint in the mud that he believed matched the one he had seen at the burglarized lodge.

---

[1] ORS 136.440(1) provides:

" A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the Defense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances of the commission."

[435]

Colbert thereupon filed an affidavit reciting the above facts and obtained a search warrant authorizing the seizure of the pots of marijuana, as well as items reportedly taken from the lodge. Colbert and another officer, Officer Goulden, then arrested defendant and Evans and executed the search warrant by conducting a search of the entire house. They seized, *inter alia,* a sawed-off shotgun, an item not mentioned in the warrant, and several marijuana plants, one of which was in a tin kettle. During the sweep through the house, Goulden saw a pry bar and a tape recorder but did not seize them.

Later, after Goulden had received information that a pry bar had been used by Evans and defendant to break into two buildings, one of which was the hunting lodge, and that a tape recorder had been stolen in a recent burglary of yet a third building, he procured a second search warrant. Under authority of that warrant, Goulden reentered the Evans residence and seized the pry bar and the tape recorder. The tin kettle containing the marijuana plant, the shotgun, and the tape recorder were all admitted into evidence as fruits of the burglary of the third building, for which defendant was convicted in the present case.

Defendant's first assignment of error challenges the information contained in Colbert's affidavit, as detailed above, as being insufficient to constitute probable cause to issue a search warrant. He contends further that the presence of the pry bar and tape recorder, information upon which the second warrant depended, was discovered as the proximate result of the erroneous issuance of the first warrant. Under *Wong Sun v. United States,* 371 US 471, 83 S Ct 407, 9 L Ed 2d 441 (1963), defendant contends that all three items were tainted with illegality because they were seized during the course of unlawful searches. We disagree.

Colbert's observation of the marijuana plants on his second visit to the house furnished probable cause to

issue the warrant. *See State v. Brown,* 1 Or App 322, 324, 326-27, 461 P2d 836 (1969), *rev den* (1970); former ORS 167.207.[2] Once inside, the officers were entitled to seize the marijuana plants, including the one in the tin kettle, and to observe anything coming within their plain view during the search for the marijuana plants, including the tape recorder. Under the circumstances here, we hold that any error which may have been committed by the introduction of the shotgun into evidence[3] was rendered harmless by the fact that two other items stolen during the same burglary were properly introduced. *See State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973).

■ Defendant also maintains that there was no evidence independent of Evans' testimony which tended to connect him with the commission of the burglary. *See State v. Brake,* 99 Or 310, 313-14, 195 P 583 (1921). He does not dispute that constructive possession of the fruits of a crime may serve as adequate corroboration, *see State v. Schoen,* 34 Or App 105, 110-11, 578 P2d 420 (1978), but argues that he may not be charged with such possession, inasmuch as he was a mere guest or visitor in the Evans household. *See State v. Oare,* 249 Or 597, 599-600, 439 P2d 885 (1968). Here however,

[2] Former ORS 167.207 provided in pertinent part:

"(1) A person commits the offense of criminal activity in drugs if he knowingly and unlawfully manufactures, cultivates, transports, possesses, furnishes, prescribes, administers, dispenses or compounds a narcotic or dangerous drug."

[3] Although the shotgun was apparently observed in plain view, there is nothing in the record which suggests probable cause to believe it was seizable. *See State v. Hoggans,* 35 Or App 669, 674, 592 P2d 466 (1978). However, after the shotgun was seized during the first search, Officer Goulden learned that, in addition to a tape recorder, a similar shotgun had been taken in the burglary being prosecuted in this case. Had the police not seized the shotgun the first time they entered the house, it is entirely possible that Goulden would have mentioned it as an item to be seized in his affidavit supporting the issuance of the second warrant and would have seized it along with the tape recorder when he returned for the second search. Therefore, the shotgun may have been admissible under the inevitable discovery exception. *See, e.g., State v. Paz,* 31 Or App 851, 868-70, 572 P2d 1036 (1977); *State v. Garrison,* 21 Or App 155, 157, 534 P2d 210, *rev den* (1975). However, in light of our invocation of the harmless error rule, *post,* we need not reach these questions.

there was evidence from which the trial judge could have found that defendant occupied the house with Evans. The trial judge did not, therefore, err in imputing possession to defendant, *State v. Nehl,*19 Or App 590, 592-93, 528 P2d 555 (1974), *rev den* (1975), and that possession implicated defendant in the commission of the burglary.

Affirmed.

**GILLETTE, J.,** concurring:

I concur in the result reached by the majority opinion, and in much of its reasoning. I am unable, however, to agree with the flat application of the harmless error rule of *State v. Han Hooser,* 226 Or 19, 511 P2d 359 (1973), at least without further analysis than the majority affords the question.

In my view, the proper analysis here should focus upon the "inevitable discovery" rule. While upon the premises during the first search, the officers saw all three items whose seizure is here challenged. One of these items—the shotgun—was seized prematurely. But the evidence here shows convincingly that, had the shotgun been left alone, it would have been seized—properly—under the second warrant. *See State v. Garrison* 21 Or App 155. 157, 534 P2d 210, *rev den* (1975). I would decide the case on that basis.