Argued and submitted September 15, 1980,
affirmed February 3, 1981

STATE OF OREGON,
*Respondent,*

*v.*

CLINTON HAROLD RITCHIE,
*Appellant.*

(No. J79-2847, CA 17495)

STATE OF OREGON,
*Respondent,*

*v.*

CLINT HAROLD RITCHIE,
*Appellant.*

(No. J80-0171, CA 17496)
(Cases Consolidated)

622 P2d 768

John Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

In this consolidated appeal, defendant appeals his conviction of burglary in the first degree and the concurrent sentences imposed for that conviction and for his conviction of first degree forgery.[1] ORS 165.013, 164.225.

Three rifles were stolen from a ranch near Sutherlin, Oregon, and were discovered by police buried beneath dirt and leaves in a rural area east of Sutherlin close to a gate near Milepost 1 on County Road 22A. An accomplice, Robert Gottfried, testified that he, defendant and Tom Street, went to the ranch to visit an acquaintance of defendant's, but that when no one was found at home Street suggested that they "raid" the house. Gottfried testified further that he saw defendant and Street approach the door of the dwelling at the ranch and saw them return from the dwelling with Street in possession of three guns. Afterward the three men drove to the place where the guns were later found by the police and hid the guns.

Witness Hill testified that three to five months prior to this incident defendant had taken him and another person to a place by a gate near Milepost 1 on County Road 22A east of Sutherlin and had displayed guns there that had been hidden underneath dirt and leaves. It appeared to Hill that the defendant was attempting to sell a gun to the other person.

Defendant contends on appeal that the trial court erred in allowing Hill's testimony concerning the incident prior to the burglary to be heard by the jury and that the sentence imposed for the burglary and forgery convictions constitutes cruel, unusual and excessive punishment in violation of constitutional provisions and ORS 138.050.

The state offered Hill's testimony to corroborate the accomplice's testimony and to show that defendant's activities involved a plan or a scheme. The trial court overruled defendant's objection to Hill's testimony, stating:

"I would permit this to come in. The issue is whether or not there is a sufficient identity of action here that would

---

[1] Defendant pled guilty to the charge of forgery in the first degree. He was convicted by a jury on the charge of burglary in the first degree.

permit the jury to say that the same plan or the same modus operandi was operating at the time that this witness is describing in comparison with the actions that were described by the accomplice who testified as to Mr. Ritchie's participation in the burglary itself, and in the opinion of the Court, the actions are sufficiently unique as to be within that language that the Court of Appeals has used to describe this kind of situation as being an earmark, and I think that it falls within that rule, and I will permit the witness to so testify * * *.

"* * * *

" * * * And I understand this is -- this is essential, because of the rule requiring corroboration."

Defendant argues that the challenged testimony is evidence of a prior crime and does not fit any exception to the rule that such evidence is inadmissible. We do not agree that this presents a "prior crime" issue as there is no evidence that what occurred during the earlier incident was a crime. We, therefore, will not address the admissibility of prior crimes, which has been described as a "special aspect of the broad general problem of relevancy." *State v. Schoen,* 34 Or App 105, 109, 578 P2d 420, *rev den* (1978); *see also State v. Hockings,* 29 Or App 139, 145, 562 P2d 587, *rev den* (1977), *cert den* 434 US 1049 (1978).

The general rule is that evidence is admissible if it is relevant and if its probative value outweighs any prejudicial effect. The similarity in place and manner of storage of the guns to the storage of the stolen rifles established the relevance of Hill's testimony. Factors to be considered in determining whether the probative value of relevant evidence outweighs any prejudicial impact it may have are: (1) the need for the evidence; (2) its persuasiveness; and (3) its inflammatory effect upon the jury. *State v. Schoen, supra,* 34 Or App at 110, *State v. Hockings, supra,* 29 Or App at 147.

In this case corroboration of an accomplice's testimony was necessary to comply with ORS 136.440(1), which provides:

"A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely

shows the commission of the offense or the circumstances of the commission."

The state needed some evidence, however slight or circumstantial, connecting the defendant to the commission of the crime. *State v. Curran,* 38 Or App 351, 355, 590 P2d 268, *rev den* (1979); *State v. Schoen, supra,* 34 Or App at 110-11. Here there appear to have been no eyewitnesses except accomplices. The rifles were not found in the defendant's possession and there were no statements made by defendant. *Compare, State v. Howard,* 214 Or 611, 617, 331 P2d 1116 (1958); *State v. Rathie,* 101 Or 339, 354, 199 P 169 (1921); *State v. Rose,* 45 Or App 879, 609 P2d 875 (1980); *State v. Tilford,* 41 Or App 433, 599 P2d 1144, *rev den* (1979). The challenged testimony connected the defendant with the rural area where the rifles were found and with the way they were stored. The evidence may have demonstrated also the defendant's interest in obtaining guns. The challenged evidence, therefore, was both necessary and persuasive. Furthermore, the evidence, though prejudicial as is most evidence, is not inflammatory. We conclude, therefore, that the trial court did not err in allowing in evidence the testimony concerning defendant's earlier displaying of guns hidden near the site where the stolen rifles were found.

The trial court was not in error in imposing sentence. *State v. Dinkel,* 34 Or App at 389; *State v. James,* 3 Or App 539, 540, 474 P2d 779, *rev den* (1970).

Affirmed.