Argued and submitted March 28, reversed and remanded September 5, reconsideration denied October 19, petition for review denied November 6, 1984 (298 Or 172)

# STATE OF OREGON,
*Appellant,*

*v.*

# DONNIE BROWDER,
*Respondent.*

## (C83-01-30544; CA A28203)

687 P2d 168

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Helen I. Bloch, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant is charged with robbery in the first degree, kidnapping in the second degree and theft in the first degree. At the pre-trial omnibus hearing held pursuant to ORS 135.037, defendant moved to exclude evidence of other crimes. The trial court suppressed the challenged evidence, and the state appeals that ruling under ORS 138.060(3).

Defendant is charged with crimes that he allegedly committed against a man who was withdrawing funds from an automatic bank teller. The victim was unable to identify defendant by his face or physique. Defendant had recently been convicted of two other robberies at automatic bank tellers. The state argues that evidence of those robberies should be admitted under the *modus operandi* provision of OEC 404(3)[1] to establish defendant's identity, because there were substantial similarities between the earlier robberies and the alleged robbery in the present case. The trial judge excluded the evidence, saying:

> "[R]oughly, 70, 80 percent of the probative value out of the entire scenario with the two prior crimes [is the fact that defendant had worn a coat similar to the one worn by the perpetrator of the present crime]. The M.O. as far as the punching of the numbers, they asked to punch out $200, get in the car, kidnapping, wearing gloves, changing clothes, all of those things they add something to it, but the thing that really has probative value is that in a prior crime he wore a certain article of clothing. That proves it belongs to Mr. Browder and that article of clothing is identified by a victim of a subsequent crime. If there were no way for the State to get that jacket into evidence and get that identification hooked up, I'd have a very difficult time, and I might go with the State's position on this. But, the State can get that in.
>
> "The jury can believe or disbelieve this witness' identification * * * solely on the basis of that jacket. If the jury believes this witness, * * * they can convict. But, it will be a decision that's made independent of all of the prejudice * * * [in] showing that he was involved in two prior robberies * * *."

---

[1]
"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

■ Generally, a trial court's decision whether to admit evidence under OEC 404(3) is a matter of discretion. *See State v. Madison,* 290 Or 573, 579, 624 P2d 599 (1981); Legislative Commentary to OEC 404(3). A trial court must exercise its judgment whether the probative value of the evidence outweighs its prejudicial effects, and its ability to engage in that weighing process depends on the information available and relevant to that process. A pre-trial ruling on the admissibility of evidence is necessarily more difficult for the trial court, because it lacks a full context on which to base its decision. Although the parties often make elaborate offers of proof, sometimes to the point of essentially presenting their whole case, that remains, in many cases, an awkward and inefficient way to create a context to enable a trial judge to rule on the matter. In most cases, only proffered evidence which carries an *unusual* potential for prejudice should be ruled on before trial. Preferably evidence should be presented and ruled on in the normal course of the trial rather than within the permissive ambit of an omnibus hearing under ORS 135.037(3). *See State v. Stanley,* 30 Or App 33, 566 P2d 193, *rev den* (1977); *see also State v. Cheshier,* 41 Or App 141, 597 P2d 839, *rev den* 288 Or 1 (1979).

■ The order on the motion to exclude the other crimes evidence states that it is allowed "for the reasons stated on the record," which are set out above. We read those reasons to be that, although the principal thrust of the evidence is to tie the jacket worn by the perpetrator of *this* crime to the defendant as the perpetrator of the other offenses, and even though that fact and other aspects of the method employed in all three crimes are relevant and probative, the state does not *need* the evidence, because it could get the jacket in evidence and tie it to defendant in another manner without the risk of prejudice inherent in other crimes evidence. We reject those reasonings, particuarly in the context of a pre-trial ruling. *See State v. Eshmon,* 54 Or App 910, 636 P2d 992 (1981).[2]

---

[2] In *State v. Leland,* 190 Or 598, 629, 227 P2d 785 (1951), the court said:

"The defendant's plea of not guilty put in issue every material allegation of the indictment, * * *. As long as the defendant's plea of not guilty stood, the state had the right to prove its case up to the hilt and to choose its own way of doing so * * *, subject only to the rules of evidence and the standard of fair play which should govern the prosecution of every criminal case."

Reversed and remanded.

---

On the other hand, the Supreme Court has said that the privilege of proof "to the hilt" "is not open to the state in circumstances where its exercise would necessarily expose the defendant to prejudice." *State v. Zimmerlee,* 261 Or 49, 54, 492 P2d 795 (1972). At the risk of extending the figure of speech too far, it can be said that, in the case of other crimes evidence, the primary difficulty is determining how far up the sword the hilt is located, but that is certainly the appropriate inquiry.