Argued and submitted April 30, reversed and remanded December 5, 1984,
reconsideration denied January 25, petition for review denied February 20, 1985
(298 Or 705)

STATE OF OREGON,
*Appellant,*

*v.*

ROBERT TERRY WHITE,
*Respondent.*

(140479; CA A28618)

692 P2d 167

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Paul J. De Muniz, Salem, argued the cause for respondent. With him on the brief was Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Warren, J., dissenting.

## ROSSMAN, J.

The state seeks reversal of a pretrial order excluding certain evidence from defendant's upcoming arson trial. We find that the trial court abused its discretion by ruling in advance of trial that the evidence was inadmissible and reverse. We also note our continuing concerns about the pitfalls of unnecessary pretrial nonconstitutional evidentiary rulings, which often require a trial judge to resolve complicated legal issues in a vacuum.

Defendant was charged with first degree arson, ORS 164.325, attempted theft in the first degree, ORS 164.055, and tampering with a witness. ORS 162.285. On defendant's motion, the arson charge was severed from the other two.

Before trial, the state requested an omnibus hearing to obtain the court's ruling on certain evidence. Defendant filed a motion *in limine* directed at the same evidence. At the combined hearing on the motions, the state indicated that its theory in support of the arson charge is that defendant was responsible for the fire at his home on December 23, 1982, by aiding and abetting the person who actually set the fire. The theft charge involves the attempted theft of funds by defendant from Forest Industries Insurance Exchange, the insurer of defendant's property. According to the state's theory, defendant filed a fraudulent insurance claim and thereby attempted to acquire insurance proceeds through the misrepresentation that he had lost property in the fire or a related burglary, when in fact he never had possessed the property.[1] The third charge involves tampering with a witness, McClain, who defendant knew would be called as a witness in official proceedings relating to the arson and theft counts. McClain testified at the preliminary hearing that defendant approached him concerning McClain's prospective testimony about the presence in defendant's house of certain items later claimed by him on the insurance form.

The state represented that circumstantial evidence,

---

[1] A partial list of the items defendant claims were lost in the fire includes: Three video cassette recorders, 103 tapes, 15 men's leather coats, 25 women's leather coats, 30 men's suits, 75 pairs of slacks, 55 men's shirts (ten silk), ten sport coats, six overcoats, 50 silk ties, 31 pairs of men's shoes, seven watches, six diamond rings, eight gold chains, 15 hats, eight wallets, 41 silk blouses, 52 dresses (32 silk), 34 pairs women's shoes, 14 pairs women's boots and 25 purses.

provided by experts, would establish that the fire at defendant's residence was caused by arson. The state also advised the trial court that several witnesses would testify that defendant's house did not contain any of the property that he reported as lost and that at least one witness would testify that before the fire he and defendant discussed a scheme whereby the house would be burned and a false claim made for insurance benefits. At the preliminary hearing, the witness testified that he disassociated himself from the plan about a week before the fire, because he had been arrested in Portland. The district attorney claimed that, without evidence of defendant's fraudulent insurance claim and the McClain witness tampering incident, the state could not proceed to trial on the arson charge.

On the basis of proving motive, plan, design and intent, the court ruled that the state was entitled to offer evidence of the fact and the date on which defendant obtained insurance on the premises and that, following the fire, defendant submitted an insurance claim for benefits under the insurance policy. It also stated that the state could introduce evidence of the amount of that claim. It further ruled, however, that the state was not entitled to introduce evidence showing that the insurance claim was fraudulent, because the relevance of that evidence was outweighed by the prejudice to defendant. Because the evidence of witness tampering was related to the fraudulent insurance claim, it also was excluded.

The sole issue involved in this appeal is whether the trial court exceeded the bounds of discretion by ruling in advance of trial that evidence of insurance fraud and witness tampering would not be admitted. The proper standard for evaluating abuse of discretion was set forth in *Carter v. Moberly,* 263 Or 193, 200-01, 501 P2d 1276 (1972).

"* * * If he finds the evidence to have no probative value, he must exclude it. If, on the other hand, it does tend to establish a fact in issue, and no contrary considerations are present in the particular case, the evidence must be admitted. Between these two extremes, however, is an area in which further judgment must be exercised. If the evidence has some probative value, but also presents difficulties such as those mentioned above, the judge must determine whether the value of the evidence outweighs or is outweighed by, the offsetting considerations. We sometimes call the exercise of this kind of

judgment 'discretion.' Its exercise requires the judge to weigh the value of the evidence in light of all the circumstances of the particular case, and his conclusion, if it is reasonable, will not be disturbed on appeal. * * * We simply determine whether, on the facts of the particular case, the trial court's ruling was within the reasonable or permissible range. We need not determine whether his ruling was the only one possible. It may be that the record will support either admission or exclusion; if so, the trial court's ruling will be affirmed, regardless of which solution we would prefer."

*See also State v. Madison,* 290 Or 573, 624 P2d 599 (1981). Under OEC 402, relevant evidence is generally admissible. However, under OEC 403, relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice. It is obvious that evidence of defendant's procuring insurance shortly before the fire, if that were the fact, and filing a false insurance claim after the fire would be relevant to the charge of arson in this case. It would tend to prove his motive for setting the fire, *i.e.,* to obtain money by defrauding his insurance company. Motive is significant in that it bears on the actor's state of mind and can also be used to establish his identity. *See* McCormick, Evidence 450-51, § 190 (1972). Furthermore, the fact that defendant tried to tamper with one of the witnesses who was to testify against him on the theft count (false insurance filing) tends to prove that he was conscious of filing a false claim. By helping to establish defendant's knowledge that his insurance filing was false, the evidence of witness tampering tends to confirm that his motive for setting the fire was money.

However, merely establishing the relevance of the evidence does not guarantee its admissibility. As we have noted earlier, under OEC 403, even relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice. We can understand why defendant would contend that this evidence is too prejudicial. It stands to reason that the more probative evidence is of guilt, the more prejudicial it will seem to those it is used against. However, the capacity of evidence to prove guilt is not the type of *unfair* prejudice to which OEC 403 refers.

" 'Unfair prejudice,' in the context of [OEC] 403, means an undue tendency to suggest decisions on an improper basis, commonly although not always an emotional one. * * *" Legislative Commentary to OEC 403.

Three factors to be considered in determining whether the probative value of evidence is outweighed by any prejudicial impact are: (1) the need for the evidence; (2) its persuasiveness; and (3) its inflammatory effect on the jury. *State v. Ritchie,* 50 Or App 257, 622 P2d 768 (1981).

With regard to the first factor, this evidence is highly necessary. Defendant's culpability can only be proved through circumstances and inferences. Accordingly, evidence of other conduct, whether criminal or not, that demonstrates motive and a common plan is of great importance. Without proof of the fraud, defendant's connection to the fire, depending on the strength of the evidence adduced at trial, may be speculative. If, as the state contends, defendant could not recover from the insurance company but for his fabricated report of lost personal property, then that fraud provides evidence of the reason for his involvement in the arson.

On the second factor, the persuasiveness of the evidence, common sense tells us that the obvious causal connection between the three crimes makes the excluded evidence highly persuasive.

The final factor, the evidence's inflammatory effect, also has been framed in terms of "the degree to which the jury will probably be roused by the evidence to overmastering hostility." McCormick, Evidence 326, 332, § 157 (1954), cited with approval in *State v. Hockings,* 29 Or App 139, 147-48, 562 P2d 587, *rev den* 279 Or 301 (1977), *cert den* 434 US 1049 (1978). The evidence that was excluded in this case provides a link in the chain of circumstantial evidence that ties defendant to the fire. It completes the picture by placing his conduct in context. The inference is obvious: Defendant engaged in a series of wrongful acts with a single objective in mind—the illegal acquisition of money. In this case, the evidence would not encourage the jury to reach its decision on an improper basis. Therefore, although it can be said that the evidence is prejudicial to the extent that it tends to establish defendant's guilt, it does not "inflame" the jury or rouse it to "overmastering hostility."

After weighing all of the factors, it appears, on balance, that the proffered evidence is necessary and persuasive and that within the context of this case, it is not *unfairly* prejudicial to defendant. Expressed in terms of the

*Carter v. Moberly, supra,* standard," it does tend to establish a fact in issue, and no contrary considerations are present in [this] particular case." Accordingly, we conclude that the trial court's ruling was unreasonable and, therefore, outside the permissible range of discretion.

█     Having resolved the primary issue, we turn our attention to the use of pretrial motions to determine the admissibility of evidence not involving claimed violations of constitutional rights. As we stated in *State v. Browder,* 69 Or App 564, 567, 687 P2d 168 (1984):

> "* * * A pre-trial ruling on the admissibility of evidence is necessarily more difficult for the trial court, because it lacks a full context on which to base its decision. Although the parties often make elaborate offers of proof, sometimes to the point of essentially presenting their whole case, that remains, in many cases, an awkward and inefficient way to create a context to enable a trial judge to rule on the matter. In most cases, only proffered evidence which carries an *unusual* potential for prejudice should be ruled on before trial. Preferably evidence should be presented and ruled on in the normal course of the trial rather than within the permissive ambit of an omnibus hearing under ORS 135.037(3). *See State v. Stanley,* 30 Or App 33, 566 P2d 193, *rev den* (1977); *see also State v. Cheshier,* 41 Or App 141, 597 P2d 839, *rev den* 288 Or 1 (1979)." (Emphasis in original.)

Reversed and remanded for trial.

**WARREN, J.,** dissenting.

In reversing the trial court's decision excluding the proffered evidence, the majority concludes that the court abused its discretion by unreasonably excluding "highly persuasive" evidence in a situation "virtually devoid of any unfair prejudice to the defendant." Because I disagree with the majority's conclusion and would affirm the ruling as reasonable, I dissent. I do agree, however, with the majority that motions *in limine* requesting pretrial rulings on evidence should be discouraged.

Evidence of acts other than those for which a defendant is on trial may be admissible under OEC 404(3) to prove the motive, intent or plan for the crime charged. This type of evidence presents particular problems of relevance and prejudice, because the trier of fact may improperly infer from such

evidence that the defendant has a criminal character or may become confused as to the issues in the case. For these reasons, evidence of other acts, although relevant to the crime charged, may be excluded under OEC 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, [or] confusion of the issues."

The trial court performed this balancing test under OEC 403 in deciding to exclude the evidence in question. In support of its ruling, the court recognized that the state is entitled to introduce evidence of other acts which are relevant to prove motive, plan, design and intent for the crime charged, but held that the probative value of the evidence offered by the state to prove motive to commit arson was substantially outweighed by its prejudicial effect. The court explained:

> "* * * [T]he evidence that may tend to show that the Defendant committed the crime of attempted theft although having some probative value of plan, design, motive or intent, in respect to the alleged arson is by no means necessarily probative of that point. * * * [F]or purposes of analysis * * *, [defendant] might have hatched such a scheme after the arson occurred as distinguished from having planned and carried out the arson either from himself or through the agency of another person so that the probative value of the evidence relating to attempted theft is not as great as — as being necessarily indicative that the Defendant planned with one or more persons to carry out and did carry out a preceding arson. What I am saying is I think the probative value is not as great as it could be matched against — that is of course the prejudice to the Defendant not in terms of circumstantial evidence that the Defendant committed arson. What I'm saying is that the attempted theft might be circumstantial evidence of motive, plan, intent to support the arson theory but it is also direct evidence that the Defendant has committed a wrong, a crime, an independent crime which is not an element of the arson albeit following upon and the jury could find — being part of a circumstantial plan or intention to do both crimes. * * *"

In weighing the competing factors, the court ruled that the state is entitled to introduce evidence of the fact and the date that defendant obtained insurance on the premises that burned and that, following the fire, defendant submitted an insurance claim, including the amount of the claim under the policy. The court refused to permit the state to introduce

evidence challenging the truthfulness and legitimacy of the insurance claim in the arson trial.

The majority acknowledges that the trial court has a range of discretion in deciding on the admissibility of evidence, within which its decision, if reasonable, will not be disturbed on appeal even though this court thinks the decision should have gone the other way. *Carter v. Moberly,* 263 Or 193, 501 P2d 1276 (1972). I think that the circumstances of this case are such that the trial court could reasonably have decided either to admit or to exclude the suppressed evidence. Any decision within this permissible range of reasonableness cannot be reversed as an abuse of discretion.

I do not agree that the evidence of insurance fraud, which is merely circumstantial evidence of the crime of arson, is so "highly persuasive" of defendant's guilt of arson as to outweigh its prejudicial effect. *State v. Ritchie,* 50 Or App 257, 622 P2d 768 (1981). A factor which lowers the probative value and heightens the possibility of unfair prejudice of the evidence of insurance fraud is that this is a crime with which defendant has only been charged, but not convicted. I believe the trial court reasonably concluded that admission of this evidence would present a danger of unfair prejudice to defendant by suggesting an improper basis for the jury's finding him guilty of arson. The trial court did not abuse its discretion in excluding this evidence. I would affirm the decision.